# NEWPORT COUNTY.

## State *vs.* John P. Champlin.

Pub. Stat. R. I. cap. 37, § 1, provides for the election, by the electors of a town, of a town council, to consist of not less than three members nor more than seven ; § 6 of the same cap. provides that, before the election of members of the town council, the electors shall determine the number to be elected.

At the town meeting of New Shoreham, in April, 1888, it was "Voted, that there be five councilmen for the ensuing year," and five were elected.

By the charter of the town of New Shoreham, and by uniform practice under it, the first and second wardens of the town had been members of the town council, *ex officio.*

On *quo warranto* against one of these wardens, claiming to be a member of the town council :

*Held*, that he was legally a member of the town council.

*Held*, further, that the vote of the town for five councilmen was a vote under Pub. Stat. R. I. cap. 37, § 6, that five councilmen should be elected.

*Held*, further, that the town council consisted of the five thus elected *plus* the two wardens *ex officio*, making seven, and that there was no conflict to be reconciled between the town charter and Pub. Stat. R. I. cap. 37, § 1, as to the number of the council members.

QUO WARRANTO.

*Providence, February* 9, 1889. STINESS, J.   The question to be determined upon this information is, whether the respondent is a member of the town council of New Shoreham by virtue of his office as first warden of that town.   The self-constituted towns of Providence, Portsmouth, Newport, and Warwick came into union and organized the colony under the charter of 1643–44, and the same towns were recognized in the charter of 1663.   The first addition to their number was the town of Westerly in 1669, under a general vote giving the same privileges which the other towns enjoyed.   R. I. Col. Rec. Vol. II. p. 250.   The next town added was New Shoreham, under a lengthy and quite formal charter, R. I. Col. Rec. Vol. IV. p. 466, granted November 6, 1672, which provided, among other things, that the town council should consist of three, " who shall be added to the two wardens for the town council, to have like authority as other town councils have." In 1674, Kingstown, R. I. Col. Rec. Vol. II. p. 525, and in 1678 Jamestown, Vol. III. p. 21, were made towns " with the same liberty granted to New Shoreham."   In other cases the towns were generally declared to be incorporated as townships with the same privileges as other towns.   In August, 1738, R. I. Col. Rec. Vol. IV. p. 548, it was voted " that there shall be two more wardens added to the town of New Shoreham, to be chosen in the same manner as heretofore has been customary according to their charter."   The terms of this act did not make these additional wardens members of the town council.   In the Digest of 1719, p. 22, an act, noted in the margin as having been passed in the eighteenth year of Charles II., 1666, relating to the election of town officers, provides that every town shall annually elect six freeholders, who, together with the assistants, justices of the peace and wardens, governor and deputy governor, residing in the town, should be the town council.   It is to be observed that

a part of this general law was put into the charter of New Shore-ham as a special provision. This law continued until the Digest of 1767, when the members of the council, *ex officio*, were dropped. In 1798 the number of councilmen was fixed at five or seven; and since 1844 the number has been not less than three nor more than seven, as the town may determine. The Constitution, article 10, § 7, gives to the town of New Shoreham the right " to continue to elect wardens as heretofore." It is agreed that the first and second wardens of New Shoreham have always been regarded as members of the town council, under the charter, and have always acted as such. At the town meeting in April last it was " Voted that there be five councilmen for the ensuing year; " and five were thereupon elected. These with the two wardens make a council of seven, which, it is claimed, is inconsistent with the vote of the town fixing the number of the council at five, according to the statute. We do not think that such inconsistency is necessarily to be implied. The language of the statute, Pub. Stat. cap. 37, § 6, is as follows : " Before the election of members of the town council or justices of the peace is begun, at the annual town meet-ing, the electors shall determine the number of such officers to be elected." The vote of the town pursuant to the statute does not limit the membership of the town council to five, but simply de-termines the number of members *to be elected ;* then these, with the officers made members by the charter, constitute the council. Thus the result is the same as under the act in the Digest of 1719, when the town elected six, to whom others were added, *ex officiis,* to form the council. Moreover, the town of New Shoreham, by virtue of its formal charter, stands in a somewhat different po-sition, in this respect, from other towns. Statutes of a general nature do not repeal by implication, or modify charters and spe-cial acts passed for the benefit of particular towns, unless the intention of the legislature to repeal or modify is plain. This rule follows the maxim, " *Generalia specialibus non derogant.*" If both the general and special law can stand together, they will be construed accordingly. To this effect was the opinion of Judge Potter in *Verry* v. *School Committee,* 12 R. I. 578; also *People ex relat. Roosevelt* v. *Supervisors of Westchester,* 40 Hun, 353 ; *Wood* v. *Election Commissioners,* 58 Cal. 561; *Fosdick* v. *Village*

*of Perrysburg,* 14 Ohio St. 472; *State* v. *Branin,* 23 N. J. Law, 484. See, also, 1 Dillon on Municipal Corporations, § 54, and note; Sedgwick on Statutory and Constitutional Law, 2d ed. pp. 97, 98, and Pomeroy's note.

Section 1 of chapter 37, cited above, provides that the electors shall choose a town council to consist of not less than three nor more than seven members. A council consisting of five members elected by the town, with the two wardens as members under the charter, does not exceed this limit. The statute and the charter, therefore, are not, in this case, even in apparent conflict, and they may stand and operate together, certainly to the extent of a total of seven members of the council, which is all we are now called upon to decide.

We think the respondent is legally a member of the town council of New Shoreham, and that the information must be dismissed. *Information dismissed.*

*William P. Sheffield,* for relator.
*Francis B. Peckham,* for respondent.