No. 4096.

(Court of Appeal, Parish of Orleans.)

## ALDEN McLELLAN vs. JAMES B. ROSSER, JR.

1. The remedy given to the seller under Art. 2611 C. C. to prosecute the folle enchere is cumulative. He may elect to prosecute the purchaser for a specific compliance with the terms of sale, or for damages by the ordinary action, or he may proceed to a resale at the risk of the first purchaser.

2. If he elects to pursue the latter course the deficiency between the price bid at the first sale and the price for which the property is sold at the second crying, plus the expenses incurred subsequent to the first sale, constitute liquidated damages for which the first adjudicatee remains a debtor to the vendor.

3. If, on the other hand, the property sells at the second crying for the same amount, and, *a fortiori*, if it sells for a greater amount than what it sold for at the first crying, the seller has suffered no damage, but in this event, however, the first purchaser has no claim for the excess.

4. The remedy through the medium of the *folle enchere* is a severe one and must be confined to cases coming clearly within the provisions of the law which are penal in their nature.

Appeal from Civil District Court, Division A.

Harry H. Hall and P. M. Milner, for plaintiff and appellant.

Dinkelspiel, Hart & Davey, for sheriff.

Geo. W. Flynn and T. D. Flynn, for defendant and appellee.

James B. Rosser, Jr. in p. p.

MOORE, J.   Plaintiff as a mortgage creditor of defendant foreclosed his mortgage aad thereunder the mortgaged property was duly adjudicated by the Civil Sheriff of the parish of Orleans to Albert Harvey Murry on the 29th of May, 1902, for Nine thousand nine hundred and fifty dollars, the latter at once depositing with the sheriff ten per cent of the purchase price—nine hundred and ninety-five dollars.

Upon Murry's refusal to comply with the terms of the adjudication by paying the price, the property was readvertised and sold *a la folle enchere* on the 14th June, 1906, the lapse of time between the first and second crying of the property being occasioned by litigation provoked by the mortgage debtor, Rosser.

At the second offering the property was adjudicated to plaintiff, the mortgage creditor for eleven thousand nine hundred ($11,900.00) dollars, an excess of nineteen hundred and fifty ($1950.00) dollars over the first offering.

Thereafter Murry, the purchaser at the first crying, sued out a rule on the sheriff to show cause why the sum so deposited should not be paid over to him, Murry, inasmuch as the property had realized at the second crying an amount largely in excess of the amount bid at the first offering. The mortgage creditor was made a party to the rule.

There was judgment making the rule absolute "to the extent that the sheriff return to said mover the amount of his deposit to-wit, $995.00, less the amount of costs occasioned by the second sale and adjudication which said Murry is condemned to pay, but sheriff's commission only on the excess of the second over the first adjudication."

From this judgment the plaintiff, the mortage creditor, appeals.

The appellee, Murry, asks for no amendment of the judgment, but on the contrary, prays that it be affirmed.

Appellant's contention is that forasmuch as his debt against Rosser and which is secured by the mortgage, aggregated at the time of the second crying $14,363.67, the adjudicatee at the first crying—Murry— remains his debtor for the difference between this sum and Murry's bid of $9950 00 and that as a consequence appellant and not Murry is entitled to have paid to him the deposit of $995.00 held by the sheriff.

The remedy which is accorded the seller of property at public auction to offer *a la folle enchere* property for which the adjudicatee at the first crying has failed or refused to pay the price and to sell the same at the latter's risk and expense, was introduced into our system of laws as an amendment of the old code, enacted in 1825. No such remedy was known under the old code. Then the seller was restricted to his action for specific performance or to a suit for damages, as he might elect. Under the amendment he may have further election,

for he may proceed to a resale of the property at the risk of the first purchaser. If he elects to pursue the latter course, which is properly characterized by the Courts as a summary and severe remedy, and the property at the second crying is adjudicated for a smaller price than that which had been offered by the person to whom the first adjudication was made, the difference between the two plus the expenses incurred subsequent to the first sale, become *liquidated damages* for which the first adjudicatee remains a debtor to the vendor. If, on the other hand, the property at the second crying sells for the same amount, and, *a fortiori*, if it sells for a greater amount, there can be no damages, but in this event, however, the first purchaser has no claim for the excess.

The amendment of the old code in the particular stated is now Art. 2611 of the Civil Code of 1870, which article reads as follows:

"In all cases of sale by auction, whether of movables or immovables, if the person to whom adjudication is made, does not pay the price at the time required, agreeably to the two preceding articles, the seller at the end of ten days, and after the customary notices, may again expose to public sale the thing sold, as if the first adjudication had never been made; and if at the second crying the thing is adjudged for a smaller price than that which had been offered by the person to whom the first adjudication was made, the latter remains a debtor to the vendor, for the deficiency and for all expenses incurred subsequent to the first sale. But if a higher price is offered for the thing than that for which it was first adjudged, the first purchaser has no claim for the excess."

The vendor who proceeds through the medium of the *folle enchere* thus voluntarily accepts the rules established by this article of the code for the fixation of the damages which he may sustain. He is advised by it of what the damages must specifically consist and also that the contingency of the property selling for a "smaller price than that which had been offered by the person to whom the first adjudication was made," must happen to entitle him to any damages at all. He cannot take his chance, so to speak, of this remedy and then seek the recovery of the damages which he may be permitted to do only by electing to proceed by a suit for damages by the ordinary action.

In Municipality Number Two vs. Hennen 14 La. 559, the Court said:

It seems to be conceded on all hands that the remedy given to the owner to prosecute the *folle enchere* is cumulative; that he may elect either to prosecute the purchaser for a specific compliance with the terms of the sale or for damages by the ordinary action, or may proceed to a resale at the risk of the first purchaser, under the restriction of the Code. Such resale, at which the first purchaser is not permitted to interfere either directly or indirectly, and which may never turn to his profit, *fixes the measure of liquidated damages* which the delinquent is bound to pay."

"It is well settled that the proceedings a la folle enchere is one of the cumulative remedies which the law gives to the vendor for violation of the contract of sale. He may either prosecute in this manner by a resale at the risk of the purchaser, or he may seek to compel a specific performance, or sue for damages by the ordinary action."

Bray Ex. vs. Bray 16 La. 352-358.
See also Lalaune vs. Cahallen 2 La. 402.
  Stewart vs. Paulding 7 La. 506.
  Miltenberger vs. Hill 17 A. 52 58.
  D'Auquin vs. Arnault 14 A. 216.
  Smith vs. Kirney 30 A. 332.

In the Miltenberger case—supra 17 A. 52, the Court construing the latter paragraph of Article 2611 C. C. said:

"There are two clauses in this paragraph, each with a penalty imposed on the first purchaser. By the first clause, the purchaser is bound to make up the deficiency between the first and the second sales, and to pay all expenses incurred subsequent to the first sale; by the second clause, the purchaser has no claim to the excess above the price of the first adjudication. This excess goes to the vendor, although the purchaser be the legal owner of the thing, which is at the risk of the latter, after the adjudication. *The price of the second sale exceeded that offered at the first adjudication* and we have to apply the second clause of the second paragraph of the Article of the Civil Code. But it is contended that the first pur. chaser is liable for all costs even under the said second clause. We think not. *We cannot add another penalty to the law;* it was for the Legislature to do so. The remedy by sale a la folle

enchere is a severe one, and must be confined to cases coming clearly within the provisions of the law. The vendor here could have prosecuted the plaintiff for a specific compliance with the terms of sale, or for damages by ordinary action, or proceeded to a resale at the risk of the plaintiff. *They have selected the last remedy; they must stand by the law* governing the case, and which it is our duty to apply strictly as it is a penal one."

The only error in the judgment appealed from is that it deducts from the amount deposited by the first purchaser the costs occasioned by the second sale and the sheriff's commission, but as no amendment of the judgment is prayed for by the appellee the judgment is affirmed.