(44 South. 28.)

No. 16,425.

UNION SAWMILL CO. v. SUMMIT LUMBER CO.

(March 4, 1907. Rehearing Denied May 13, 1907.)

1. INJUNCTION—DISSOLUTION ON BOND—COMPENSATION.

On an appeal from an order authorizing an injunction to be dissolved on bond.

If specific performance can be required, to the extent that there will be failure in complying, ample compensation may be decreed.

2. SAME—INSOLVENCY OF PARTIES—PROPERTY TO BE ACCOUNTED FOR.

Plaintiff makes no mention of apprehended insolvency of defendant, nor of the insufficiency of the bond. There is no sentimental claim urged. It all relates to property and its value, which cannot be stealthily made away with.

3. SAME—DISCRETION OF COURT—NOT A MATTER OF FIRST IMPRESSION.

Defendant addressed a motion to the district court for an order to bond. It was granted in a former injunction. On application for writ of review the matter was brought to the attention of the Supreme Court. The discretion of the district court was not interfered with. In a second injunction, similar proceedings were had. Substantially the result is the same, and the question is before the court on appeal.

Held, that the district court is invested with large discretion, and that it does not appear to have been improperly exercised.

Provosty, J., dissenting.

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Union; Robert Brooks Dawkins, Judge.

Action by the Union Sawmill Company against the Summit Lumber Company. Judgment for defendant, and plaintiff appeals. Dismissed.

Lamkin, Millsaps & Dawkins, Gaughan & Sifford, Benjamin C. Dawkins, and Farrar, Jonas & Kruttschnitt, for appellant. James Walter Elder, Francis Marion Etheridge, Stubbs, Russell & Theus, Smead & Powell, and W. Hall Trigg, for appellee.

BREAUX, C. J. Plaintiffs appeal from an order dissolving their injunction on bond.

The issue presented is whether the decree authorizing the dissolution should have been issued by the judge of the district court.

The record informs us that in March, 1906, plaintiffs and defendants entered into a contract whereby differences involved in litigation pending in the circuit court of the county of Union, state of Arkansas, and in the District Court of the Western District of Louisiana over conflicting rights and titles

to lands, to timber, and to rights of way situated in Union county, Ark., and in the parish of Union, La., were settled, and the suits dismissed.

Plaintiffs aver that by this act they became the owners of large areas of land and of timber, transferred to them by defendant company.

The property is fully described in the act.

The injunction, the bonding of which plaintiffs complain, was issued as prayed for. Its purpose, it was stated, was to maintain the status quo and prevent defendants from continuing to violate their contract. By its continued violation performance of the covenant therein stipulated would soon become impossible.

The appellant and plaintiff averred that it has discharged and performed every and all stipulations possible under the contract, and that defendant failed and refused to appear in accordance with the agreement to complete the delivery of the property sold under the terms of the contract; that defendant has resumed work on the lands sold, is cutting down timber, and building trams and logging ways, in violation and in disregard of the terms of the contract.

By the contract plaintiff bought from the defendant timber for the amount of $3 per 1,000 feet according to estimate.

The failure of defendant to join in making the estimate as agreed upon is one of the grounds of plaintiff's complaint.

Plaintiff charges that the defendant evaded carrying out the agreement, and that, instead of completing the transfer of the property sold, it is doing the opposite, and seeking its own advantage by appropriating the trees sold to it (plaintiff).

Defendant bound itself not to buy trees in the Union Lumber Company territory. The following is one of the clauses of the contract upon that matter:

"The Summit Lumber Company binds itself not to buy, either through itself or any one else, directly or indirectly, any more timber or lands after the date of this instrument in the territory hereinbefore described, in the state of Arkansas or the state of Louisiana or any other territory, within five years next after the date of this instrument, and the same obligation is assumed by the Union Sawmill Company for the same period in regard to the territory herein reserved and set apart to the Summit Lumber Company."

In another clause of the contract it was sought to fix the damages in case of its breach by either party:

"It is agreed and understood that if the Summit Lumber Company shall violate the stipulations in this contract, whereby it agreed not to purchase lands within the territories mentioned therein within five years after the execution of the deeds of conveyance from it to the Union Sawmill Company, it shall be responsible and pay to the Union Sawmill Company the sum of $25 per acre as liquidated damages for every acre of land or timber so purchased and bought by it in violation of paragraph 6 of said contract [i. e., clause before quoted]."

With reference to the other clauses of the contract the damages in case of their breach by either of the contracting parties are fixed at $10,000, as follows:

"It is mutually agreed and understood that in the event of a material or substantial breach of this contract, or any of its stipulations and agreements, except paragraph No. 6 (in case of the breach of which see above), by either party, the actual damage to either party shall be the sum of $10,000."

The stipulations of the contract further are that the plaintiff was to deposit the sum of $50,000 in bank, to be held for the faithful execution of its part of the contract, in the event of the breach of which same was to be paid to the Summit Lumber Company as part of the purchase money for the land and timber to be conveyed. The amount was deposited after conveyed. The amount according to the stipulation was to be returned to the Union Sawmill Company in the event the Summit Lumber Company failed to carry out the contract.

In a subsequent clause of the contract the parties again referred to this amount, and provided for its return in case of any breach of the contract by the defendant company.

The contract also stipulated that the Summit Lumber Company obligated itself to cause the Arkansas Southern Railroad to cease the building of its road beyond the west bank of the Little Loutre creek, and within a year to tear up certain track already built, and cease to operate in the territory known as the Union Sawmill Company.

The contention of the Union Sawmill Company is that it has performed every stipulation and has from the first endeavored to carry out the stipulations; that defendant, on the other hand, has persistently refused to carry them out; that it has thrown every obstacle in the way of performance.

For these reasons it is urged by plaintiff that it abundantly appeared to the district court that, if the injunction were dissolved on bond, plaintiff and appellant would suffer irreparable loss, and on that ground it should not have been dissolved; that the judgment dissolving on bond should be reversed. The plaintiff appeared in the proceedings and filed an answer opposing the application to bond. It had notice of the application to have the injunction dissolved on bond.

The question before us is whether the judge of the court a qua has gone beyond proper discretion by granting the said decree.

This is not the first time that the questions involved were brought here for our decision in this case. An injunction had been issued prior to the one now before us.

On defendant's motion it was dissolved on bond.

Subsequent to the rendition of the dissolving decree, plaintiff applied for a suspensive appeal, which was refused. Plaintiff then applied to this court for a writ of mandamus to compel the judge of the district court to grant an appeal. The application was denied. A rehearing was applied for, which the court refused. A number of propositions in support of plaintiff's right were advanced by plaintiff and pressed upon the court's consideration. They were considered. The court declined to grant plaintiff's demand.

As relates to jurisdiction: If the court had concluded, in disposing of the said application for a certiorari, that the damages were irreparable, that the judge had exceeded his authority, and that specific performance was to be considered, a mandamus could have been issued under the authority of State ex rel. City of New Orleans v. Judge, 52 La. Ann. 1275, 27 South. 697, 51 L. R. A. 71.

The plea urged by defendant on this ground does not have the effect urged by it; that is, it does not have the effect of res judicata which defendant pleads. But it none the less shows that the question involved was not of first impression before this court in this case, and to some extent at least the court had passed upon the issue involved.

There is a discretion vested in the district judge by article 307 of the Code of Practice, of which he would be divested if, before issuing the order authorizing bond to set aside the injunction, it were required that he should satisfy himself as to the legality and binding effect of the right claimed in all its details. That is not the intention of the article of the Code of Practice.

Construing that article, this court said:

"The dissolution of an injunction on bond is the exercise of the discretionary power vested expressly in the judge by the terms of the article of the Code of Practice. The discretion of the judge cannot be coerced."

We will not take up the merits to ascertain whether the injury complained of is irreparable vel non.

There are many stipulations in the contract. They will not be passed upon at this time. It suffices, if in the main, and so far as can be reasonably foreseen, it does not appear that the injury will be irreparable.

The clauses of the contract we have re-

produced render it evident that if plaintiff has failed to properly secure itself, it is not because of indifference or want of attempt to protect its interest, as shown by the number of stipulations fixing the amount of damages in case of defendant's failure in performing its part of the contract. Stipulations which seem to have been considered sufficient by plaintiff, as relates to damages in case of bad faith of defendant, could reasonably be taken by the district court as sufficient to grant an order permitting bond.

There are a number of pertinent decisions to which we have given careful attention.

We take up for review in the first place those upon which plaintiff places reliance to sustain the appeal.

With reference to trees, this court years ago, under a particular state of facts, considered that cutting them down might be an irreparable wrong. It may be, as stated in the cited case, that they are the only trees on the land; that the owner hopes for years to come to get repairs for his buildings from them; that his forests and cypress swamps "have a greater value than the mere amount in cash which his trees, if cut, would bring in the market"; that the values of his lands and his improvements depend upon the standing number of his cypress swamps. "He may value them as an ornament to his buildings, or one which in his eyes is sacred by its associations." Delacroix v. Villere, 11 La. Ann. 40.

From this point of view, the destruction of forest trees is not only irreparable, but deplorable.

We have referred freely to this decision. A kindly sentiment may go forth from the owner to his trees, and there should be no ruthless attempt made to destroy them.

In our case there is no sentiment. One company is seeking to obtain raw material to be sawed and prepared for the market by its lumber plant, whilst the other of the parties to the suit is not as willing now as it was originally to part with these trees, for it also has a sawmill.

Plaintiff finds in the act stipulations to justify it in demanding the trees. The defendant takes an opposite view, and, in consequence, serious legal controversy has arisen, which we do not think we should decide on this appeal, restricted as it is to the issues involved of irreparable damages or not.

From the allegations made, we infer that damages are compensable in money.

It must be borne in mind that plaintiff does not suggest that defendant is not amply solvent, nor is it stated by plaintiff that the bond furnished to dissolve the injunction is not large enough to secure its claims.

In the next case cited by plaintiff it was held that the order dissolving plaintiff's injunction on bond was improperly made, and manifestly operated to his prejudice and injury. The court in that case reaffirmed that which has been frequently held—that no appeal lies from an order dissolving an injunction where the apprehended injury is compensable in money.

In the cited case the person enjoining without contradiction was the adjudicatee of the property. He was the owner, and objected to a reoffering of the property à la folle enchère. The court held, substantially, that it would operate a change of possession of immovable property. Weil v. Schwartz, 49 La. Ann. 582, 21 South. 859.

In the case here the defendant is in possession and must respond for all damages.

In another cited case the owner in indivision of timber lands, it was held, has no right to cut the timber on such land without the consent of his co-owner, as he attempted to do. The act was in the nature of a trespass, and such injunction is not one which may be dissolved on bond.

On the rehearing, there were modifying views expressed, and the court reiterated

that which has often been uttered—that if the judge thinks that the injury may be compensable in money the order to dissolve should be granted. Hake v. Judge, 52 La. Ann. 113, 26 South. 769.

In the pending case, a question of specific performance is presented, and many issues have arisen.

Plaintiff has not yet established its title. The questions are before us on temporary admission for the hearing.

It does not appear that the injury which can possibly occur pendente lite cannot be compensated in money.

It is not necessary, in issuing an injunction, that the court be satisfied that the plaintiff will gain his cause on final hearing. A probable right and a probable danger that such right will be defeated without the special interposition of the court is all that need be shown. Pomeroy's Equity, §§ 263, 364, 1338.

From the foregoing we deduce that, after the court has interposed its authority by granting the injunction, it may allow the property to be bonded, if the plaintiff can be protected by adequate security against any loss.

Recently we have had occasion to state "that the facts must clearly make out a case of irreparable injury," and the court approvingly quoted from High on Injunction, which is pertinent here:

"The practice sometimes prevails of permitting the dissolution of an injunction upon the defendant giving bond for the security of the plaintiff, and the granting or refusing of an application to dissolve upon giving such bond is a matter resting upon the sound discretion of the court." High on Injunction, vol. 2 (3d Ed.) p. 1497.

It is within the discretion of a court of equity to substitute an indemnifying bond in lieu of an interlocutory injunction, and it may properly dissolve an injunction upon the giving of such bond when the end of justice may thereby be promoted.

Similar views are expressed in New Orleans v. Oser, 36 La. Ann. 918; State v. Debaillon, 37 La. Ann. 110.

The damages are not irreparable. Code Prac. art. 307; City and Levee Board v. Railroad Co., 44 La. Ann. 64, 10 South. 401; Solomon v. Diefenthal, 46 La. Ann. 902, 15 South. 183; Laroussini v. Werlein, 48 La. Ann. 15, 8 South. 704; Irwin v. Great Southern Telephone & Telegraph Co., 36 La. Ann. 772, Carney v. Hadley, 22 L. R. A. 233, 32 Fla. 344, 14 South. 4, 37 Am. St. Rep. 101.

Before concluding we will state: We have taken up and considered the clauses of the contract, and we have arrived at the conclusion that, as relates to article 6 of the contract (before referred to), the amount in case of its breach, is ascertainable in accordance with article 13 of the contract, which contains the stipulation before mentioned—$25 per acre as liquidated damages. This amount is ascertainable and determinable.

Article 14 includes within its terms a condition providing, for material and substantial breach of the contract, an amount for such a breach which can be considered as sufficient to authorize the court of the first instance to dissolve the injunction on bond. We have seen that the amount of the bond is not at issue. In other respects, it embraces every other possible liability which may be decreed between the parties.

The petition sets forth the claim of plaintiff in full, and the prayer is for specific performance.

That issue, viz., specific performance, is not directly before the court. It is before the court incidentally.

Plaintiff urged that it had a right to specific performance, and that in consequence defendant had no right to bond the injunction.

Defendant sought to meet this contention by urging, in the first place, that the asserted injury, if as alleged, was not irreparable,

and that the damages were compensable in money; and, in the second place, that plaintiff had no right to specific performance.

We have limited our inquiry to the first proposition; i. e., irreparable injury.

The second proposition—i. e., whether plaintiff is entitled to specific performance— is left to be hereafter determined on the main issue presented.

The injunction is preliminary. On the application to bond it does not appear that any evidence was taken or considered. To decide the question in these proceedings, the injunction would have to be made perpetual or finally rejected. At this stage of the case and in these proceedings, to determine whether or not the judge a quo acted within reasonable discretion, it would be neither regular nor proper to decide all the issues presented.

A decree disposing of every matter can be made on final hearing, not at this time.

Going further into the details, plaintiff expressed the wish of accepting lands described in the petition and of performing the contract. Plaintiff averred that the title is defective and imperfect, but that, if defendant will perfect its title, it is willing to pay for the property and to furnish security for the performance of its part of the contract and to comply with its agreement as may be ordered by the court.

This presents an issue that cannot be decided on the face of the papers. It can only be decided after trial. A right is invoked in regard to which both parties should be heard.

Plaintiff also avers partial performance on its part. The extent of the performance will have to be shown in order that a judgment may be rendered with any certainty.

Another point of difficulty in matter of specific performance vel non is that the estimates of the timber were to be made jointly by two persons, one selected by plaintiff and the other by defendant, and by such assistance as these estimators might deem proper to employ.

Plaintiff avers that the estimates of the timber were agreed upon, except as relates to the 14 40's; that is, 14 sections of 40 arpents each, estimated by them.

This presents an insuperable difficulty at this stage of the case.

It seems, also, as we gather from the petition, that the estimators disagreed as to the value of 16,000 acres of land and that defendant failed to furnish lists of estimates with which its representative was not satisfied.

It is true that specific performance is not insisted upon further than necessary to determine at this time that plaintiff has the right to have retained in statu quo the matters and things involved in the principal demand. We can only say in answer that any decision on that point at this time would not settle the issues.

The judge of the district court has exercised the discretion with which he is intrusted. Matters and things can remain as they are now until the main demand is heard.

If plaintiff is entitled to specific performance, it can be enforced, or damages recovered, fully equal to any failure on its part in that respect.

The injunction, even after its dissolution on bond, protects the right of property. It may serve to enforce obligation and prevent wrong. The bond is surely a guaranty at least to that extent.

Plaintiff cites Murphy et al. v. Hussey, 117 La. 390, 41 South. 692. The plaintiff in that case sued for specific performance. After trial on the merits of the case the court enforced the performance.

This case has not arrived at the stage at which it can be decided that plaintiff has

the right to specific performance or not. Therefore the last cited case is not in point.

It is therefore ordered, adjudged, and decreed that the appeal taken in this case by plaintiff is dismissed. at its costs.

LAND, J., takes no part, not having heard the argument. PROVOSTY, J., dissents.