Statement 'of tlie Case.
MONROE, J.
Relator filed a suit in tlie district court, alleging that it is the owner and possessor of the standing timber on certain described tracts of land, and is entitled to the use and possession of the land for the purpose of removing the same, “together with the right of ingress and egress” thereto and therefrom; that the Arkansas Southeastern Railroad Company and the Summit Lumber Company have placed on record what purport to be deeds conveying the timber in question to said lumber company and granting to said company and to the railroad company mentioned, which is part and parcel of the lumber company, a perpetual right of way across said lands; that, under color of said .pretended deeds, said companies have cut ¡and removed more than 250,000 feet of timber, and are still engaged in that work, particularly on certain described tracts, and will «o continue unless restrained by injunction; that for the timber removed petitioner is «entitled to recover at the rate of $10 per 1,000 feet; and that the remaining timber, «cut into saw logs, is worth $100,000. It therefore prayed for an injunction restraining said •companies “from cutting, removing, trespassing upon, or in any manner interfering with petitioner’s said timber, or the peaceful use ¡and possession thereof, or the right of way, Ingress, and egress acquired therewith, and lEor judgment decreeing the deeds mentioned ito be void, and condemning the defendants in the sum of $2,500 as the value of the timber •.cut and removed, and in the further sum of ¡$1,500 ¡as punitive damages. And the injunction was Issued as prayed for.
By supplemental petition it is alleged that the defendant companies have recorded deeds to right of way and timber on other described tracts of land, of the timber upon which petitioner alleges that it is the owner in possession, with right of ingress and egress thereto and therefrom; that said companies have surveyed and staked a route for their tram road across said lands, and have cut and removed petitioner’s timber from some of them, are still so engaged, are building their road on said lands notwithstanding their knowledge of petitioner’s ownership of the timber, and will so continue unless restrained; that since the institution of the suit, defendants have cut a way for their road, about 80 feet wide, across certain described tracts of land, and, unless restrained, will build an embankment and lay cross^ties and rails thereon; that the timber felled along said way is worth $2,000, and the cutting and felling of said timber at this season will occasion worms and insects to kill and damage the standing timber to an extent that cannot be estimated; that defendants have caused to be surveyed routes for a logging road across still other described tracts through the timber holdings of petitioner, and will fell the timber thereon unless restrained. Wherefore petitioner prays for a further injunction and for a further judgment in damages. And the further injunction was issued as prayed for. Thereafter the defendants came into court and moved to dissolve the writs so granted, on bond, alleging that to the land upon which they have been enjoined from trespassing and laying tracks they have a valid title,.obtained in good faith and for a valuable consideration; that the writs of injunction were caused to be issued maliciously and in disregard of their rights; and that no damage can result to the plaintiff, save the cutting of timber and the accidental or negligent destruction of timber, the value of which can be readily estimated in money. Agreeably to their application, plaintiff was ordered to show cause on August 8, 1907, why the same, should not be granted. Upon August 5th, however, another ex parte application was- *973 ¡made, upon which the judge a quo m'ade the ¡following order, to wit:
“The premises and annexed affidavit considered, and upon respondents, the Arkansas Southeastern R. Company and the Summit Lumber Company, giving bond * * * in the sum of $2,000, let the injunctions hitherto .granted be dissolved, in so far as the said injunctions restrain the respondents from constructing embankments and laying cross-ties and steel rails upon the land on which the right of way for the main line of the said ■company’s road has already been cleared; said injunctions to remain in full force and effect in •other respects.”
Plaintiff, having then applied for a suspensive appeal from the order so made, and .the application having been denied, makes its .present application to this court for a writ ■of mandamus to compel the district court to .grant the appeal; and to this the judge, made respondent, answers in substance as follows, -to wit:
“Relator does not claim that it owns the -land — the soil — upon which defendant is permitted to construct embankments and lay cross-ties and steel rails for the main line of defendant’s road; but its ownership, by its pleadings, is confined to the timber growing upon ■the land, with the additional right to the relator to ingress and egress, and with possession of the land for the purpose of felling and iremoving timber therefrom. Can such limited right of possession give plaintiff th’e exclusive and absolute control of the premises? Would not the owner of the land have the right to make such use as he saw fit, provided his use •did not preclude the relator from going thereon to remove the timber? * * * Respondent •does not understand that, because the owner •of the land has sold the timber to plaintiff and •coupled with the sale the possession of the land for the purpose of removing timber, he has thereby estopped himself from making any and all use of the premises. On the contrary, respondent is of the opinion that plaintiff ^should submit to a reasonable use of the land by the owner, !S * * when use of it is made for legitimate purposes; and this, even though it should bring some inconvenience to the plain-tiff.
“Relator’s petition in the district court disclosed the fact that the defendant railway ■ company has a right of way for its road from the owner of the land. Now, when the order -permitting the defendants to bond the injunction was granted, the supplemental petition of plaintiff had been filed in this court, and the supplemental petition declared that the right «of way had, at that time, been cleared across the lands of the defendant. Relator, then, had no further interest in the land covered by the cleared right of way, save the right to pass over it and on it in removing its timber from the adjacent lands. Then it was that respondent, on the application of the defendant,, felt that the injunction could be released, in so far as it restrained defendant from constructing embankments and laying cross-ties and steel rails upon the lands on which the right of way" for the main line of said company’s road had already been cleared. * * * The order of court limits the defendants to the construction of their main line of railroad over the right of way that had,, at the time the order was issued, been cleared.”
Opinion.
We are unable to discover that, in so far as the order to bond the injunction and the refusal to grant a suspensive appeal from that order are concerned, relator has any reasonable cause of complaint. Upon the case as presented there is no question of the continued cutting of relator’s timber by defendants, or of any ouster of the possession of the land needed for such cutting and removal, and, as relator is entitled, according to the allegations of the petition upon which the writs of injunctions issued, to possession for no other purpose and to no greater extent, it is clear that its. right in that respect is not exclusive, and does not preclude the owner from taking, or granting to another,' such possession of the land which has been cleared as may not reasonably interfere with its use for relator’s purposes. Whether, in view of relator’s allegations that the clearing was done wrongfully and in violation of its rights, defendant should be permitted to obtain an advantage therefrom, is a matter which, in the present condition of the case, should be left to the discretion of the trial judge. Code Prae. art. 307; Union Sawmill Co. v. Summit Lumber Co., 119 La. 313, 44 South. 28.
It is therefore ordered, adjudged, and decreed that the staying order heretofore made be rescinded, and that relator’s application be denied, and this proceeding be dismissed, at its cost. . . .