## 5410.

(Court of Appeal, Parish of Orleans.)

## STATE EX REL. RICHARD vs. JUDGE TWENTY-EIGHTH JUDICIAL DISTRICT COURT.

1. Under the provisions of Article 104 of the Constitution of 1898 and Act 15 of 1900, the Courts of Appeal have the power to decide at Chambers, and in or out of term time, all cases arising out of their authority to issue writs of Certiorari, Prohibition and Mandamus in aid of their appellate jurisdiction.

2. Where a tax payer seeks the protection of the Courts against an alleged unlawful use of public property, or unlawful disbursement of public funds, the jurisdiction on appeal is to be determined by the value of such property or the amount of such funds.

3. In all cases where some appellate Court has jurisdiction, a suspensive appeal lies of right from an order dissolving an injunction otherwise than on bond, whether said order be rendered *ex parte* or after due hearing.

4. If the injury to be apprehended be reparable, i. e. compensable in money, bond should be required and the want of such bond may result in irreparable injury. On the other hand, if requiring a bond would serve no purpose, it is because the injury is not compensable in money and is therefore irreparable.

Appeal from 28th Judicial District Court, Parish of St. Charles.

Robert J. Perkins, for plaintiff and relator.

L. H. Marrero, attorney.

ST. PAUL, J.—Relator, claiming to be a citizen and tax-payer of the parish of St. Charles, complained in the Court a qua, that the school of said parish had elected one S. W. Planche, superintendent of the public schools of said parish for the term of one year at a sala-

ry of $1,200 per year; and that said S. W. Plauche was not qualified to fill said office by reason of the fact that he was not a qualified elector of said parish. Wherefore he prayed that an injunction issue restraining said Plauche from taking possession of said office and prohibiting said school board from paying out any money to said Plauche as salary thereof.

In the absence of the judge the injunction was issued by the clerk of court as authorized by law.

Thereafter upon application made to him by the defendants the district judge concluded that the injunction issued improvidently, and he granted an order ex parte recalling the order given by the clerk of court and issuing instead thereof a rule nisi directing the defendants to show cause on a day fixed why the injunction should not issue as prayed for.

Whereupon relator applied for an appeal from the judge's order, and when that appeal was refused applied to this Court and obtained an alternative writ of mandamus directing said judge to grant said appeal as prayed for or show cause to the contrary on the second Monday of October, 1911; this Court being now in vacation and that being the first day of its next term.

At the request of the respondent judge this Court agreed to hear oral argument herein on Thursday, July 13th, and informally notified the parties to be present at the hearing.

No objection to the form of notice was urged, but the relator filed an objection to this Court making any change in the return day, or hearing or disposing of the matter in vacation.

There is no merit in the objection to the alleged change in the return day. In the first place relator can not complain that this Court is ready and willing to

hear and determine the matter are perhaps grant his relief at some day earlier than that first proposed. In the next place no such change was made, but the respondent judge, although granted until October to make his return had undoubtedly the right to do so at once if so disposed, of which privilege he has availed himself.

And since under the rules of this Court (Rule 12, Sec. 3), the Court might have insisted that the matter be submitted at once on written or printed briefs, and neither side was entitled to an oral argument, we fail to perceive how relator can complain of his having been granted that privilege, even in vacation.

But the question whether or not the Court can dispose of the controversy out of term time, and at chambers, requires more serious consideration. We think we have that power.

Under Article 94 of the Constitution of 1898 the Supreme Court is given power to issue writs of certiorari, prohibition, mandamus and etc., and under the provisions of Act 15 of 1900, that Court is given authority to hear and decide at chambers; either during term time or vacation, all cases coming before it under the supervisory powers conferred by that article.

Now, under Article 104 of the Constitution of 1898, this Court had the same power as the Supreme Court to issue writs of mandamus, prohibition and certiorari in cases within its jurisdiction; and under the same article the rules of practice regulating appeals and proceedings in the Supreme Court shall apply to appeals and proceedings in this Court, so far as they may be applicable and until otherwise provided.

But the reasons which induced the legislature to provide for the trial of such matters by the Supreme Court in a summary manner and in vacation apply with equal

force to like proceedings pending before this Court. . Hence the provisions of that act are clearly "applicable" within the meaning of the constitutional article; and as the legislature has never otherwise provided, it follows that the provisions of that act govern similar proceedings before this Court. We are therefore of opinion that the Court has power to decide the matter before it at chambers and in vacation.

The respondent judge urges that this Court is without jurisdiction because the matter in dispute does not exceed $100 and fall below $2000 in value.

Now the principal matter in dispute, and that in which relator as a citizen and tax-payer is chiefly interested, is the proposed unlawful payment of public funds by the school board to some one said not to be entitled to receive it, and the amount which it is so proposed to pay is alleged to be $1,200.

This brings the matter clearly within our jurisdiction since in **Samuel, et al., vs. City of Monroe, 108 La. 681**, it was held that in cases where a tax-payer seeks the protection of the Courts against a proposed unlawful use of public property, or unlawful disbursement of public funds, the jurisdiction on appeal is to be determined by the value of such property or the amount of such funds. See also **Handy vs. New Orleans, 39 An. 107**.

We now come to the consideration of the principal question presented, which is, whether relator is entitled to appeal from the order of the District Judge, dismissing the injunction obtained in the first instance and substituting in lieu thereof the aforesaid rule **nisi**.

In the consideration of that question we are not concerned with the merits of the controversy between relator and the original defendants in the suit. It may or may not be that the injunction issued improvidently

or that plaintiff therein has no right to proceed in the manner chosen by him, or even to proceed at all. But under the jurisprudence those are questions which can arise only should the matter come before us regularly on appeal.

At present we can consider only two questions, 1st, whether the order of the judge was a final judgment from which an appeal lies of right, Code of Practice 565, and 2nd, If only an interlocutory order can irreparable injury result therefrom to plaintiff. Code of Practice 566.

Now it is clear that the judge's order was not a final judgment, since he issued at the very same time his rule to show cause why the injunction should not be reinstated; but regardless of this, the matter was bound to come before him on the merits and not until these were heard could a final judgment be rendered disposing of all the issues and having the force of **res judicata.** Code of Practice 539.

The order was therefore interlocutory and is appealable only in so far as irreparable injury may result therefrom to plaintiff. That is the sole test of plaintiff's right of appeal in this case. See 124 La. 371; 120 La. 744; 119 La. 1142; 119 La. 970; 119 La. 313; 117 La. 536; 113 La. 555; 110 La. 444; 104 La. 74, and innumerable earlier cases.

And particularly the sole test of the irreparable nature of the injury to be apprehended is whether or not it can be compensated in money. See the long list of authorities cited in Garland's Code of Practice, Article 566 (A) No. 2, p. 418.

Hence the Supreme Court has invaribly refused an appeal in cases where the injury might be compensated in money and good and solvent bond had been given suffi-

cient in amount to answer for any damages that might be suffered.

On the other hand an appeal has invariably been allowed, notwithstanding bond had been required, in all cases where money would not be an adequate compensation for the injury, as where the possession of real estate was affected. See Garland's Code of Practice, Article 566 (A) No. 1, p. 417.

This is all strictly in accordance with the technical provisions of the Code of Practice, Article 307.

But there is no case on record of an injunction having been dissolved without bond and an appeal being refused where an appellate Court had jurisdiction in the premises.

On the contrary in the only cases of that nature the appeal was granted as of right, even though the injunction had been discharged only after due hearing of the parties;

Thus in **Felix vs. Michel**, 122 La. 353, an appeal was refused (as also in **LeBlanc vs. Michel**, same vol., p. 339) because it was pointed out that the legislature had ex **industria** withheld from the domain of the Courts the subject matter of the controversy; so that an appeal from a judgment already recognizing that fact would have been vain and useless in the premises.

But in **Becker vs. Judge**, 31 An. 850, a suspensive appeal was allowed from an order dissolving without bond a restraining order (issued also without bond). So also in **Gleason vs. Wisdom**, No. 4420 of our docket (cited in full in VII, Court of Appeals, p. 510, et seq) it was held that a suspensive appeal lay from an order dissolving an injunction without bond, although rendered after due hearing, and the ruling of this Court was approved on writ of review to the Supreme Court, 122 La. 632, wherein numerous authorities were cited in support of that position. And in that case the Supreme

Court quoted with approval (at bottom of page 638) the language of Behan vs. Judge, 32 An. 1277, as follows: "It is settled beyond peradventure that from the dissolution of an injunction a suspensive appeal will lie."

We therefore consider the question now finally settled (at least as far as this Court is concerned), that the dissolution of an injunction otherwise than on bond works ipso facto an irreparable injury and a suspensive appeal lies of right from such a judgment even though only interlocutory and whether rendered ex parte or after due hearing. See Richards vs. Judge, VII Court of Appeal 508.

The underlying logic of the situation appears to be that in the injury to be apprehended to reparable, i. e., compensable in money, bond should be required, and the want of such bond may result in irreparable injury; on the other hand if a bond would answer no purpose it is because the injury is not compensable in money and is therefore irreparable.

We cannot say that the reasoning appeals to us very forcibly, since it fails to take into consideration the fact that one cannot suffer irreparable injury, or injury at all, by being denied the right to continue in force an injunction whereby on the face of the papers, ought never to have issued at all, and to which he was therefore never entitled. Of which fact, if it be a fact, and if it appear as we have said on the face of the papers, and appellate Court may well take cognizance.

Indeed something of this nature is hinted at, but only hinted, in the Leblanc case, 122 La., where it was said at page 348:

"It does not follow from the decision in the Gleason case, that, because the right of Gleason to a suspensive appeal was recognized, that same right should be recognized in all cases where an order for

an injunction which had been granted was set aside and the applicants demand therefor was dismissed. **Whether or not the right of suspensive appeal should be recognized, would depend upon all the facts, and circumstances of each particular case.''** (Black letter ours.)

This language is particularly apropos when we consider that injunctions may be granted by the various clerks of Court throughout the State, who are not required to be learned in the law, and may therefore be expected at times to grant improvident orders.

But the opinion in the LeBlanc case seems to represent the views of only a minority of the Court, the decree alone being concurred in by a majority.

Hence we are not at liberty to follow that expression against the general tendency of the jurisprudence which holds otherwise. We have therefore not considered in any way the question of plaintiffs right **vel non** to the injunction from the beginning.

Respondent strenuously urges upon us the case of **Lehman vs. Judge, 46 An. 163.** But that case seems never to have been followed again, and has so often been cited to the Supreme Court only to be passed aside that we consider it no longer of much authority. But this much may be said of that case; that the question of the right to appeal figured only very slightly therein. The main question raised was as to the power and jurisdiction of the Judge who rendered the order complained of. It was held that he had the power and jurisdiction in the premises, but the question of relator's right to have his ruling **reviewed on appeal** was scarcely touched upon.

In the case before us there is no question whatsoever as to the power and jurisdiction of the respondent to set aside an injunction granted by himself or by the Clerk of Court. But that is an entirely different proposition

from the one which we are considering, which is, whether or not his action in the premises, even though entirely lawful, is subject to review on appeal. We think that under the jurisprudence it is.

It is therefore ordered that the alternative mandamus herein issued be now made peremptory, and accordingly, that the respondent, Honorable Prentice E. Edrington, Judge of the Twenty-eighth Judicial District Court do allow the Relator, Ricahrd J. Vial, a suspensive appeal to this Court, from the order granted by him on June 30, 1911 dismissing the temporary injunction granted by the Clerk of Court for the Parish of St. Charles on June 28, 1911, in the matter entitled **Richard J. Vial vs. L. A. Young, et al., No. 370** of the docket of said Court, and that he do fix the return day thereof and the amount of the bond to be furnished by said relator.

July 27, 1911.

Rehearing refused, August 12, 1911.