BREAUX, C. J.
Relator asks for an order to issue to the district judge, directing him to grant a suspensive appeal from his order refusing to permit him to dissolve plaintiffs’ injunction on bond.
Relator was the owner of a plantation in the parish of Assumption. In the sugar factory on the place there is a cane crusher, consisting of several large iron rollers, gearing, and engine. The plantation was seized *415 in foreclosure proceedings by plaintiff, E. Sunbery, in tbe case of E. Sunbery v. Chauffe Bros.
Prior to the sale, the firm of Bancroft, Ross & Sinclair Company intervened by way of third opposition, claiming the vendor’s privilege upon the roller sugar mill, with gearing and engine, and asked that the property on which it claimed a vendor’s privilege be appraised separately and sold separately from the plantation.
The order was — to the extent it appears, by a copy of the order, made part of this opposition — granted. The plantation was adjudicated to Sunbery, the seizing creditor, and the mill and engine to the third opponents, Bancroft, Ross & Sinclair Company.
The interveners before named, Diebert, Bancroft & Ross Company, sold the roller mill, engine, and gearing to the Chauffe Bros. It was in the procedure of foreclosure as against the first owner, Chauffe Bros., that the interveners claimed the amount due them as vendors. The seizing creditor, Emile Sunbery, defended against Diebert, Bancroft & Ross Company. The suit is still in court and undecided.
The district court ordered, in the seizure by Sunbery, that:
“The above-described three roller mill, gearing, and engine, described in the petition of intervention, be appraised separately and sold separately.”
Appraisers were appointed by the court to appraise the property.
The property was appraised; that is, such is the ex parte showing made, to which we give effect for the purpose of the decision.
Relator in its petition urged that the injunction does it injury, as it is restrained from preventing the interveners, Bancroft, Ross & Sinclair Company, without legal ground, from removing the property, and that, as it had a right to bond the injunction, on the refusal of the judge to permit the bonding, it had the right to an appeal from the order of refusal.
Relator alleges that it is not denied that the seized mill, engine, and appurtenances, adjudicated to Bancroft, Ross & Sinclair Company, upon which the latter claimed a privilege, was only a part of the sugar mill attached to and forming part of the plantation, and formed a part of the realty, and cannot be removed without demolishing the sugar mill; that its claim was never secured; that no legal order had been issued to authorize the sale of the property separate and apart from the plantation.
Relator averred that the injunction was issued by the clerk of the district court on a bond, in amount $150, although the property claimed was in value over $9,000. Relator alleged irreparable injury if third opponents are permitted to go on its plantation and are permitted to remove the machinery. Relator also adds that the action of the clerk of court in issuing the order of injunction was in the nature of a determination of the question at issue before the district court, which was, as before stated, whether the sale had been made in the proceedings in the ease entitled Emile Sunbery v. Chauffe Bros.
It is a fact, as alleged by relator, that the plantation itself was not appraised. This was owing to the very good reason that, in the deed of foreclosure, there is a clause waiving the appraisement as between mortgagor and mortgagee. As between these, there was properly no appraisement. But there was an appraisement as between opponents and the seized debtor.
The respondent judge states, in his answer to the rule nisi, that he had to “assume that the allegations of Bancroft, Ross & Sinclair Company were true; that, in consequence, plaintiff’s injunction, on the face of the papers, had a vendor’s privilege, as alleged by it; that the sale was regularly *417 made to enforce the privilege; that the mill and appurtenances were sold separately from the plantation; that, on attempting to remove these, the opponents met opposition and therefore sued for an injunction. Under this condition,” averred the respondent judge, “in his judgment, it would have been a taking of property without due process of law if taken from the Bancroft, Ross & Sinclair Company and turned over to the Bertie Sugar Company, who on the face of the papers, had no right to the property.” The judge adds:
“The only charge was that the plaintiff, the Bancroft, Ross & Sinclair Company, would break down or destroy the sugar house; that, to secure relator, he increased the bond for an injunction from $150 to $2,000.”
The respondent judge further adds: “Weighing the danger of irreparable injury,” he arrived at the conclusion that defendant, the Bertie Sugar Company, was only entitled to security to cover damages caused in removing the mill.
The issues presented are exceptional. The purpose of plaintiff in injunction is to enjoin the defendant from in any way interfering with it in its work of taking possession of the property. ETom that, relator has acquired no right which gives it any standing for the appeal.
In the litigation with Emile Sunbery, also hereafter in the litigation which may arise against the injunction, the defendant in injunction could present all of its rights, and, in addition, this defendant is protected by the bond given in accordance with the supplemental order of the district judge, at the instance of defendant in injunction, increasing the amount of the bond to $2,000. The judge of the district court held that there was no irreparable injury possible; that all injury was amply covered by the $2,000 bond.
Having weighed the issues, we have concluded not to recognize a right of appeal. One of the reasons leading us to that conelusion is that an injunction may be dissolved on motion of defendant in injunction to dissolve; that it may also be dissolved by definitive judgment in the suit.
We are impressed by the fact that the parties can do better than by motion to dissolve by bond in following the method above mentioned, present their respective rights, and have them finally decided; in other words, all of the questions can be presented and considered and decided at an early date more completely than if the case were brought up on appeal to determine whether or not the injunction should be dissolved on bond. It will be at most a temporary relief, if any relief at all. We cannot imagine why there should be any delay about the other remedy suggested above.
Another ground by which we are impressed is that the judge of the district court has discretionary power in the premises, with which appellate courts are not prone to interfere. See Hyde on Injunction (4th Ed.) p. 1464, § 704. The writer analyzed the doctrine in this state, and came to the conclusion that an appeal will not ordinarily "lie from an order overruling a motion to dissolve a preliminary injunction.
This court recently decided that an appeal from an interlocutory judgment will lie only when there is irreparable injury. Board v. Dodson, 58 South. 1027, ante, p. 44.
The majority of the court is thoroughly convinced that there was no irreparable injury possible in the pending case. Prom that point of view, we have no reason for a different conclusion than found in the last-cited case.
It is therefore ordered, adjudged, and decreed that the rule nisi, which was issued heretofore in this case, be and the same is hereby recalled and discharged, relator’s demand is denied, and its petition dismissed.
MONROE and PROVOSTX, JJ., concur in the decree.