(72 South. 377)

No. 20963.

BLACKSHER v. LEH (DART et al., Interveners.)

(June 30, 1916.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞954(4)—REVIEW—DISCRETION OF TRIAL COURT—DISSOLUTION OF INJUNCTION.

When it appears that the question of dissolving, or refusing to dissolve, a preliminary

injunction on bond was largely within the discretion of the district judge, and that his discretion was not abused, his ruling, refusing to dissolve the writ on bond, will be affirmed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3820, 3821; Dec. Dig. ⟜ 954(4).]

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Executory process by Patton T. Blacksher against R. R. Leh, and the receivers of the Union Irrigation Company filed a petition in intervention and third opposition. From the judgment, the plaintiff appeals. Affirmed.

P. R. Sandoz, of Opelousas, for appellant. John W. Lewis and R. Lee Garland, both of Opelousas, and Foster, Milling, Saal & Milling, of New Orleans, for appellee Leh. Dart, Kernan & Dart, of New Orleans, for appellee Dart.

O'NIELL, J. The plaintiff instituted executory proceedings to collect 15 promissory notes of $6,000 each, secured by mortgage and vendor's lien on certain lands which he had sold to the defendant, Leh. In addition to the land described in the petition for executory process, the sheriff seized certain movable property, consisting of horses, mules, farming implements, and about 600 sacks of rice that had been harvested.

The receivers of the Union Irrigation Company filed a petition of intervention and third opposition, claiming that the horses, mules, farming implements, and rice belonged to the corporation represented by them, and were not affected by the mortgage on the real estate in favor of the plaintiff, nor subject to seizure in the executory proceedings. They alleged that the plaintiff was foreclosing, or attempting to foreclose, a chattel mortgage on the same movable property in a suit against J. Franklin Shell. They tendered bond and obtained a writ of injunction preventing the sale in the executory proceedings.

The plaintiff, Blacksher, proceeded by rule against the interveners and third opponents to dissolve the writ of injunction on bond. The court refused to dissolve the injunction on bond; and the plaintiff, Blacksher, appeals from his ruling.

The plaintiff admitted in his petition to dissolve the injunction on bond that the matter was entirely within the discretion of the judge who issued the writ of injunction. Counsel for the appellant did not argue the case nor file a brief in this court. The motion to dissolve the injunction on bond was submitted on the allegations of the petition of intervention and third opposition; and, if they are true, the plaintiff in the executory proceedings had no right to dissolve the writ of injunction and allow the sheriff to sell the movable property described in the petition of intervention and third opposition. We assume that the district judge gave due consideration to the status of the movable property, with reference to the alleged foreclosure of a chattel mortgage in another suit instituted by the plaintiff, Blacksher; and that the judge exercised his discretion wisely in refusing to dissolve the injunction on bond. We also assume, from the appellant's failure to appear in this court in support of his appeal, either that he concedes that the ruling was correct, or that the question of ownership of the movable property in contest has been decided on the trial of the merits of the intervention and third opposition.

The judgment appealed from is affirmed at the cost of the appellant.