the sale of immovable property.   C. C. arts. 1861, 1862, 1863.

While we appreciate that the contract is a hard one for plaintiff, yet we do not feel that we are authorized under the law, or under the prayer for equitable relief, to annul it.

For the reasons assigned, the judgment is affirmed, at appellant's costs.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.

= = =

(95 South. 594)

No. 25750.

FIRST EVANGELIST BAPTIST CHURCH v. SMITH et al.

(Jan. 27, 1923.   Rehearing Denied Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

Injunction ⬤⟶221—Defendants not informed of order reinstating injunction and not wantonly disregarding order not punished.

Assuming that, on application for writs to review dissolution of injunction on bond, an order to show cause reinstated the injunction, defendants, who were not so informed and who did not wantonly disregard the court's orders, will not be punished as for contempt.

Suit by the First Evangelist Baptist Church against George Smith and others. On rule taken by plaintiff ordering defendants to show cause why they should not be punished for contempt.   Rule recalled.

Paul W. Maloney, of New Orleans, for applicant.

Daly & Hamlin, of New Orleans, for respondents.

LECHE, J.   Plaintiff in the above-entitled cause, relator in the present proceeding, obtained from this court, on December 28, 1922, an order commanding the judge of division D of the civil district court for the parish of Orleans, to forward to this court the rec-

ord or a certified copy thereof, of the proceedings in his court in the cause entitled The First Evangelist Baptist Church v. George Smith et al. No. 144,713, in order that its legality and validity might be inquired into and ascertained, and further ordering the respondent judge and the defendants in the case to show cause why the relief prayed for by the relator in its petition should not be granted; and, in the meantime, and until the further orders of this court, it was ordered that all further proceedings in this matter be stayed.

It appears that the suit pending in the civil district court, parish of Orleans, arose out of serious differences between the pastor of the First Evangelist Baptist Church and members of the congregation of that church, and was filed by the pastor on behalf of the church corporation, to enjoin the defendants from—

"interfering with the services conducted by the officers thereof and from so conducting themselves in the form of a conspiracy as to provoke discord and dissatisfaction among the members of the congregation."

A writ of injunction was accordingly issued, but the injunction was subsequently set aside on bond, and the purpose of the relator in obtaining the above-cited order of this court on December 28, 1922, was to test the legality of the order of the district judge setting aside, on bond, the said injunction. That matter has now been decided—see opinion this day rendered in this same numbered cause, post, p. 174, 95 South. 595.

Pending the above proceeding in this court, relator, on January 5, 1923, alleging in substance that, notwithstanding the order of this court of December 28, 1922, the defendants George Smith and others had persisted in the violation of said order and had prevented the exercise of the injunction granted by the lower court in its favor, by preventing, on December 31, 1922, and on January 1, 1923, with the assistance of the police, the

pastor from entering the pulpit and holding religious services during the holiday season, obtained a rule on the defendants ordering them to show cause why they should not be adjudged to be in contempt of this court and be punished accordingly.

Respondents deny the allegations of fact contained in relator's rule for contempt. They aver that an election was held on January 1, 1923, by the congregation of the First Evangelist Baptist Church, in pursuance of the terms of its act of incorporation for the selection of deacons and trustees to serve for the ensuing year; that the only disturbances taking place in the church were caused by O. B. Quinn, who claims to be pastor, but who has been deposed for gross misconduct; that said O. B. Quinn has no authority to represent the church and to carry on this litigation in its behalf; that his purpose in instituting this suit was to prevent an election for deacons and trustees and his object in having defendants ruled into court for contempt was to prevent the installation of the newly elected deacons and trustees, which installation was to take place on January 8, 1923. Respondents contend that they have not disobeyed any order of this court; that the preliminary order issued by this court on December 28, 1922, only stayed further proceedings and did not reinstate the injunction issued by the civil district court; that at that time, on December 28, 1922, the said injunction had already been dissolved under bond.

They further answer that they acted in good faith, and disclaim having intended to violate the orders of this court.

Disregarding all issues of fact which have been drawn into this controversy, it is evident that the order of this court staying further proceedings, and by this is meant legal proceedings, has not been violated or disobeyed by the respondents in rule. They were not informed that the order of December 28, 1922, by this court was intended to reinstate the order of injunction that had been issued by the civil district court, and, even if it be conceded that the order of this court had such effect, we are satisfied that defendants did not wantonly disregard the orders of this court.

The rule herein issued is therefore recalled, at the costs of relator.