LECHE, J.
Application of plaintiff for writs of prohibition, mandamus, and certiorari directed to the judge of division D of the civil district court, parish of Orleans.
On November 20, 1922, an injunction was granted to the First Evangelist Baptist Church against the defendants, who ar'e members of the congregation of that church. A motion to dissolve, an exception of no cause or right of action, and an answer were filed and fixed for trial-on December 7, 1922, on which date, at the request of counsel for plaintiff, the motion to dissolve, and the exception of no cause of action were continued for two weeks, until December 21, 1922. On that day, when the motion and exception were again called for trial, neither the plaintiff nor its attorney was present in court for trial, nor was the presiding judge notified as to the cause of their absence. Under these circumstances, defendants and their counsel being present in court and ready to try said motion and exception, and being obstructed, by the absence of plaintiff, in the pursuit of the relief to which they might be entitled, were permitted to have the injunction dissolved on furnishing bond.
Such are the conditions under which the trial judge, whose action is herein sought to bo controlled and set aside, relieved the defendants from the effect of the restraining order which had been issued against them. Instead of proceeding, in the absence of plaintiff, with an ex parte hearing which would have been justifiable under the cir-/ cumstances, the judge adopted the less drastic course of safe-guarding the interests of plaintiff by requiring a bond before setting aside the injunction.
So that, considering the judge’s action from the standpoint of legal procedure, it was neither illegal nor arbitrary.
The sole question then to be determined is whether the judge abused the legal discretion vested in him by law. It is fundamental that an injunction may be set aside on bond, unless the commission of the act prohibited by the injunction is liable to 'cause irreparable injury. O. P. art. 307. In solving the question as to whether irreparable injury will result, the law invests the judge with a good deal of discretion. It has repeatedly been held by this court that much discretion is vested in the trial judge in the matter of dissolving injunctions on bond, and that, unless it appears that such discretion has been abused and that irreparable injury will result, his action will not be interfered with. Union Sawmill v. Arkansas S. R. R. Co., 119 La. 970, 44 South. 803 ; Union Sawmill v. Summit Lbr. Co., 119 La. 314, 44 South. 28 ; Dibert Bancroft & Ross v. Bertie Sugar Co., 131 La. 414, 59 South. 835 ; Blacksher v. Leh, 139 La. 848, 72 South. 377.
 The case at bar presents one of those unfortunate differences which sometimes arise between the pastor and the membership of a church congregation. The suit is filed in the corporate name of the church by the Rev. O. B. Quinn, who alleges that he •is pastor, against some 18 members of the organization. We are not called upon to analyze the allegations of the petition, except to the extent of ascertaining whether that petition presents a situation in which the dissolution of the injunction on bond would *177 cause plaintiff, the corporation of the First Evangelist Baptist Ohurch, irreparable injury. It is not sufficient that injury may be done to some one else. It is incumbent upon relator to point out the facts justifying the apprehension of irreparable injury, and not merely to allege irreparable injury without specifying the premises from which that conclusion is drawn.
Relator has failed to do so, and it does not appear to' us that the judge has' abused his discretion or that irreparable injury will result to the First Evangelist Baptist Church.
The preliminary order herein issued is recalled, and relator’s demand is refused, at its cost.