A. J. DAVIDSON v. PUSS POWERS, JOSEPHINE HURT and LAVINA FORD.

153 So. 139.
154 So. 158, 159.
Division A.
Opinions Filed March 1 and April 4, 1934.

*W. W. Whitehurst,* for Appellant;
*Leitner & Leitner,* for Appellees.

DAVIS, C. J.—This is an appeal from a final decree of the Circuit Court re-establishing a lost or destroyed will that had been duly filed for probate, but which had not been recorded as provided by law prior to the loss or destruction thereof. The court re-established the lost will under Section 5072 C. G. L., 3264 R. G. S. Appellant unsuccessfully resisted the petition to re-establish the will in the court below, and having appealed, assigns as error the re-establishment thereof. Appellees take the position here that the proceedings had were proceedings at law and not in equity, and moves to dismiss the appeal because that method, and not writ of error, has been pursued as the method of review.

Section 5072 C. G. L., 3264 R. G. S., reads as follows:

"Lost or destroyed proceedings, and any paper or file affecting them, in any suit pending and undetermined in any court, may be re-established as follows:

"The person desiring such re-establishment shall file a substantial copy of such proceedings or writing in the circuit court, and shall give ten days' notice in writing to all parties to the suit or their attorneys of record, of an application to the court for the re-establishment of such proceedings, or paper or file. Such notice shall be personally served at least ten days before the time fixed for such application. Upon the hearing of such application the judge may, in such manner as he may think best, ascertain the facts, and upon such ascertainment, determine the application. Ch. 735, Acts 1870, Sec. 6.)"

Under this particular statute lost or destroyed records of proceedings, papers and files relating to or affecting suits in any court may be re-established by the Circuit Court in aid of the jurisdiction of the particular court whose papers, files or proceedings have been lost or destroyed so as to require formal re-establishment. The statute was enacted by the Legislature in accordance with Section 11 of Article V of the Constitution of the State, which gives Circuit Courts jurisdiction of such "other matters as the Legislature may provide," and the proceedings themselves are *sui generis* when the papers prayed to be re-established are those of a court other than the Circuit Court. Where the proceedings, papers and files to be re-established are part of the records of a case pending before the Circuit Court itself, then the re-establishment proceedings must be regarded as ancillary to the main suit and are to be reviewed in the same manner as judgments or decrees in the main suit are subject to review. Compare: Florida Cent. R. Co. v. Bostwick, 53 Fla. 124, 44 Sou. Rep. 31 (on writ

of error in a law case) ; Florida Cent. & W. R. Co. v. Bost-wick, 55 Fla. 665, 45 Sou. Rep. 1033 (on appeal in an equity case) ; Roberson v. State, 45 Fla. 94, 34 Sou. Rep. 294 (on writ of error in a criminal case).

In this case, the proceeding below was for re-establishment of a lost paper or record of the County Judge's office, as an incident to a pending controversy of which the paper (last will and testament) so sought to be re-established was the subject matter. This we judicially know from our own records (Davidson v. Ford, 111 Fla. 270, 149 Sou. Rep. 334) as well as from the record brought here in the transcript filed on the present appeal.

According to the petition filed, the re-establishment of the will was sought as part of a course of procedure insti-tuted by Lavinia Ford and others against A. J. Davidson to review in the Supreme Court an order of the Circuit Court reversing the County Judge's Court in a matter con-nected with the County Judge's refusal to admit the disputed will to probate.

From the appellees' petition it appears that after the Circuit Court had reviewed and reversed the County Judge, and had directed that the main part of the will of Josie M. Davidson be admitted to probate, to effectuate which the Circuit Court's mandate had been issued, it was discovered that the original will filed with the County Judge, but not recorded, had been lost or destroyed. The object of the re-establishment prayed for in the Circuit Court was to make the will a matter of record in the litigation being had in Hardee County, to the end that further legal proceedings to contest its probate might be pursued on appeal from the Circuit Court to the Supreme Court.

Our view is that since the action of the Circuit Court in the principal suit concerning the probate of the will is re-viewable on appeal to this Court in like manner as a chan-

cery appeal, the present appeal, which is from an order for the re-establishment under Section 5072 C. G. L., *supra,* of a lost paper incident to the main controversy, is likewise reviewable here on appeal and not on writ of error. The present proceeding related to a pending suit and was predicated upon Section 5072 C. G. L., 3264 R. G. S. It is therefore not an ordinary proceeding at law where re-establishment of a lost or destroyed will is the sole and ultimate relief sought by the proceedings.

In the last mentioned class of cases, where a statutory remedy to re-establish lost papers and records is given, and it is not expressly provided that the method of reviewing orders made therein shall be by repeal, the manner of obtaining review is by writ of error. See Jones v. Escambia Land & Manufacturing Co., 55 Fla. 783, 46 Sou. Rep. 290, and cases cited.

Appellate review of proceedings to re-establish proceedings, papers and files according to the procedure set up by Section 5072 C. G. L., 3264 R. G. S., with reference to pending suits, will be either as at common law or chancery, according to the character of the pending suit, if the pending suit is pending in the Circuit Court, and will be reviewable as at law in all other cases wherein the Circuit Court may be authorized to re-establish the lost or destroyed proceedings, papers or files of cases pending in other courts. Jones v. Escambia Land & Mfg. Co., *supra.*

Motion to dismiss appeal denied.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BUFORD, J., concur in the opinion and judgment.

PER CURIAM.—This case is before us on appeal from the order of the Circuit Court reversing the judgment of the County Judge's Court in the matter involving the probate of a will.

The order appealed from was made after the court had overruled the petition and motion of the appellees to issue a writ of certiorari to bring up a certain order made in the County Judge's Court.

The case was heretofore before this Court and opinion therein was filed on July 6, 1933, and reported as Davidson v. Ford, *et al.*, 149 Sou. 334. See also foregoing opinion filed March 1, 1934.

The action and orders of the Circuit Court now complained of are in accordance with directions and mandates issued by this Court in the opinion and judgment above referred to.

The orders appealed from should, therefore, be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

PER CURIAM.—The appeal here under consideration is from final decree re-establishing a lost will. See foregoing opinion filed March 1, 1934.

The original will had been filed in the County Judge's Court in proceedings involving the probate thereof, but was not recorded as it had not been probated. During the progress of such proceedings appeal was taken to Circuit Court and incident to the appeal a certified copy of the will was made by the County Judge and transmitted to the Circuit Court. After that copy was made the original was lost.

It thereupon became necessary to re-establish the lost will, which was accomplished by the decree appealed from. The certified copy above mentioned was admitted and used in part as the basis to determine the contents, execution and form of the lost will.

The decree should be affirmed on authority of the opinion and judgment of this Court in the case of State *ex rel.* Ada L. Broward v. J. Ollie Edmunds, filed at this term. It is so ordered.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.