EASTERN DIST.
*January,* 1835.

STEWART
*vs.*
PAULDING.                    STEWART *vs.* PAULDING.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the bidder to whom property is adjudicated at an auction sale, fails to comply with the terms and conditions of the adjudication, the seller may, at the end of ten days after the customary advertisements, re-sell the property, by advertising it according to law, ten days, and the bidder is liable for the deficiency in *price,* between the first and the second sale.

Neither the vendor or bidder, is obliged to perform his part of the terms of an auction sale, until requested to do so by the other.

The vendor of an auction sale has the choice of two remedies, in case of non-compliance by the bidder, *i. e.,* to demand the price, or have the property re-sold on account of the latter.

Where the judge *a quo* states the law in the way most favorable to the defendant in his charge to the jury, the latter has no cause to complain, and the verdict in this respect will not be disturbed.

This is an action by the vendor of an auction sale, to recover of the defendant two thousand and twenty dollars, the difference in price and commissions on the re-sale, between the first and second adjudications, in consequence of the bidder failing to comply with the first.

The defendant pleaded a general denial, and averred that the plaintiff could not make him a good title to the property bid off by him, within ten days after the adjudication, in consequence of which the sale became null and void ; that after the property was put up and advertised to be re-sold, the sale was countermanded and postponed, so that the last sale can have no effect or validity against the defendant.

*De Armas,* witness for plaintiff, deposed, that on the 17th April, 1833, the plaintiff caused to be sold at public auction, a lot of ground with the improvements, which was adjudicated to the defendant, as the highest and last bidder, for eleven thousand eight hundred dollars. The plaintiff told witness he had agreed with the attorney of the defendant, to cancel

the sale if the title was not good, and requested witness to examine it with the defendant's attorney, which he did, and they found the titles to be correct; that the attorney of the defendant came to witness the same day, and told him that a deed of sale could be prepared, and a safe title passed; that some days after deponent saw the defendant, who told him he had arranged his affairs to go to the north, and would not take the property, inasmuch as he had agreed with the plaintiff to cancel the sale.

The lot was re-sold on the defendant's account, for ten thousand dollars. The difference in price was one thousand eight hundred dollars, and two hundred and twenty dollars commission on the re-sale.

The *procès verbals* of both sales, and the notices and advertisements of the second sale were produced, and the testimony of the auctioneers taken down in writing, constituted the principal part of the evidence on which the cause was tried.

The counsel for the defendant, excepted to the charge of the judge to the jury before they retired. The charge is fully set forth in the opinion of the court, delivered by *judge Martin,*

The jury returned a verdict for the plaintiff, on which judgment was rendered for the sum claimed. The defendant appealed.

*Sterrett,* for the plaintiff.

*Hennen, contra.*

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment, which condemns him to pay the difference between the price, at which certain property was adjudicated to him at the first sale, and that for which it was adjudicated on a re-sale at public auction, on his refusal to comply with the terms and conditions of the first adjudication.

EASTERN DIST.
January, 1835.

STEWART
vs.
PAULDING.

Where the bidder to whom property is adjudicated at an auction sale, fails to comply with the terms and conditions of the adjudication, the seller may at the end of ten days after the customary advertisements, re-sell the property by advertising it according to law, ten days, and the bidder is liable for the deficiency in *price* between the first and second sales.

Neither the vendor or bidder is obliged to perform his part of the terms of an auction sale, until requested to do so by the other.

The vendor of an auction sale, has the choice of two remedies in case of non-compliance by the bidder, *i. e.* to demand the price, or have the property re-sold on account of the latter.

Where the judge *a quo* states the law in the way most favorable to the defendant in his charge to the jury, the latter has no cause to complain, and the verdict in this respect will not be disturbed.

The attention of this court is first drawn, by the counsel of the appellant, to a bill of exceptions taken to the charge of the district judge, delivered to the jury at the close of the trial. The judge told the jury, that on a non-compliance with the terms and conditions of an auction sale, by the last and highest bidder, to whom the property has been adjudicated, at the end of ten days, and after the customary advertisements, the property may be re-sold, and the first bidder is liable for any deficiency between the price of the property at the first sale, and that of the second adjudication.

"That the second sale need not be advertised during more than ten days, but the advertisements must be published in at least two news-papers, in the French and English languages, and notices of such sale put up at the court-house and church-doors."

"That if they believed the testimony of De Armas, the demand for a compliance with the terms and conditions of sale, at the first adjudication of the property, was waived.'

"That neither the vendor nor the bidder are obliged to perform their parts of the terms and conditions of sale, until requested to do so by the other."

"That the vendor has the choice of two remedies, the demand of the price, or a re-sale of the property."

As this case is presented, it does not appear to this court, that the defendant has cause, or any right to complain of any part of the charge of the judge *à quo*, to the jury. He seems to have stated the law in the way most favorable to the defendant.

On the merits, it is shown that the defendant declared himself unwilling to comply with the terms and conditions of the first adjudication, on the most frivolous grounds, viz: that he was about making a trip to the northward. The only doubt that may arise in his favor, relates to the question of fact, whether the advertisements were duly made and published. The law on this part of the case was particularly stated, and explained to the jury in the way most favorable to the defence, in the charge of the court. The jury were satisfied as to the facts, and the court expressed its approval

of the verdict, by conforming its judgment thereto, without any attempt on the part of the defendant, to have the verdict set aside. *La. Code, art.* 2589. 3 *La. Reports,* 395, 123. 4 *Ibid.,* 150, 207, 258.

EASTERN DIST.
January, 1835.

PRIEUR ET AL.
*vs.*
COMMERCIAL
BANK.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.