## DUNCAN, Executor *v.* ARMANT.

Where a purchaser of property sold at a succession sale refuses to take it and pay the price, no new order of court is necessary to authorize the executor to resell it *à sa folle enchère.*, *Per Curiam:* The authority to sell having been once obtained, it was his duty to complete the sale, the coercive measures established by law for enforcing payment of the price being left to his discretion.

Where one to whom property had been adjudicated at a judicial sale, fails to pay the price at the time required, according to a fair construction of art. 2589 of the Civil Code, the second sale need not be advertized during more than ten days, provided that the customary notice be given within that time. The term of ten days fixed by the Code, refers exclusively to the duration of the advertizement, and not to the period at which it is to commence; and in such a case the fact that the advertizements were published during a longer period than ten days, cannot affect the validity of the sale, the law meaning ten days or more.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Blache*, for the appellant, contended that there should be judgment for the plaintiff, citing Civil Code, 2589, 2595. Stat. 10 March, 1834, s. 1. (Bul. & C's. Dig. p. 8). Stat. 5 March, 1842, s. 3. (Sess. Acts. p. 212.)

*Bodin*, for the defendant. 1. The omission of the plaintiff to obtain the previous authorization of the judge for the second sale, renders it invalid. 4 Rob. 132. 2. The period is limited within which a vendor can exercise against the purchaser the remedy of sale *à la folle enchère*; the proceedings must be commenced before the end of ten days. 3. The sale should have been advertized *during thirty days* (Civ. Code, art. 1159), and the advertizement published *three times during that period.* Stat. of 1842, Sess. Acts, p. 212. In this case the advertizements were published on the 10th and 27th of May, and on the 10th and 11th of June, the sale taking place on the 12th of June. There were four notices, instead of the three required; but there were only two publications during thirty days from the 10th of May, the date of the first publication. The plaintiff has failed to comply with the law as to the advertizements, and the omission is fatal. 14 La. 586.

The judgment of the court was pronounced by

Rost, J. The plaintiff claims from the defendant, as damages, the difference between the price at which two slaves belonging to the succession of *Lan-*

*na* were adjudged to him, and the price which they brought at a sale *à la folle enchère*, after he refused to comply with the terms of the sale, and was duly put in default. The defendant resists the demand upon three grounds: 1st. That no order of the Probate Court was obtained for the resale of the slaves, which being succession property, could not be sold, unless the executor was expressly authorized by the court. 2d. That the proceeding *à la folle enchère* cannot be pursued within an unlimited or an arbitrary undetermined period, but should be begun within ten days. 3d. That the second sale did not take place after the customary legal advertizements. The District Court sustained the last ground of defence, and the plaintiff has appealed from the judgment rendered against him.

The answer of the plaintiff to the first ground appears to us conclusive. The authorization to sell having once been obtained, it was his duty, as executor, to go through all the proceedings necessary to the completion of the sale, and the coercive measures established by law for enforcing the payment of the price are left to his discretion. If he errs, he is liable in damages; but the legislature did not intend that, in every case of this kind, the expensive formalities which preceed the sale of succession property should be renewed; and the rule contended for cannot be fairly deduced from the decision in the case of *Landry* v. *Connelly*, 4 Rob. 132, cited at bar. The court in determining on the rule taken in that case that the Court of Probates was competent to order the resale, was not called upon to determine whether the order was necessary. We do not think it is. The resale of succession property is properly made under the first order. But if the heirs are minors it cannot be made below the price of appraisement.

The case of *Stewart* v. *Paulding*, 7 La. 506, appears to us decisive as to the other questions raised. Under a fair intendment of art. 2589 of the Civil Code, we consider, as the court appear to have done in that case, that the second sale need not be advertized during more than ten days, provided that the customary notices be given during that time. This term of ten days, fixed by the Code, refers exclusively to the duration of the advertizement, and not to the period at which it is to commence. If some delay occurred in this case between the first and the second sale, no negligence can be charged to the plaintiff. A few days after the sale, he took a rule upon the defendant to show cause why he should not comply with the terms and conditions of the sale, and why a writ of *distringas* should not issue to compel him thereto. On the trial of the rule, the defendant showed no cause, the rule was made absolute, and a writ of *distringas* was issued. When the writ was returned no property found, the plaintiff advertized the slaves to be sold at the risk of the defendant. It is true they were advertized for thirty-two days, when they might have been sold at the expiration of ten days; but this is not a cause of nullity. The law clearly means ten days or more. The sale was made in good faith. The advertizements were sufficient, and no injury is shown to have resulted to the defendant from the delay.

The plaintiff is entitled to recover $480. The costs claimed by him cannot be allowed in the present action.

It is ordered that the judgment be reversed, and that there be judgment in favor of the succession of *Jean Lanna* against the defendant for $480, with costs in both courts.