## GUILLOTTE v. JENNINGS.

The remedy by a sale *à la folle enchère* is a severe one, and must be confined to cases coming clearly within the provisions of the law.

Art. 2590 of the Civil Code contemplates that the terms of the sale *à la folle enchère* shall be the same as those of the first adjudication; and where an auction sale was made for a price payable partly in cash and the balance on credit, but, on a re-sale *à la folle enchère*, the property was offered and sold for cash only, the difference between the price of the first and second sale will not be considered a just measure of the injury sustained in consequence of the first purchaser's failure to comply with this contract; nor will it make any difference that the change was attributable to delays produced by the failure of the first purchaser, during which the note, which was to have been assumed for the credit part of the price, matured.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Buisson*, for the plaintiff. *Bradford*, for the defendant. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. The remedy through the medium of the *folle enchère* has been properly characterized as "summary and severe," and from this consideration the conclusion is fairly derived that it ought to be confined to cases clearly coming within the provisions of the law, and in which its requisitions have been observed. See *Second Municipality* v. *Hennen*, 14 La. 586.

Article 2589 C. C. seems to us to contemplate that the terms of the *folle*

*enchère* shall be the same as those of the first adjudication.   In the present case they were not the same.   At the sale to the defendant, made on the 23d May, 1843, the terms were that the purchaser should assume the  payment of a note for $640 due in June, 1844, and the  balance cash.   At the *folle enchère* the terms were cash.

The plaintiff contends that the  change was attributable to  the default of the defendant; that he delayed  the plaintiff until the note which was  to have been assumed had matured.   But this is is not an  answer to the objection.   The law gives three remedies against the defaulting purchaser, the  action for specific performance, the  ordinary action for damages, and the  action based upon the *folle enchère*, which itself liquidates the damages, if properly conducted.   If the seller choose the latter remedy, he must take it  as it is given, or not at all.   When both sales are made upon the same  terms  the  difference is not an inequitable standard of the  injury sustained by the defendant's failure to fulfil the contract. But when the terms are changed, a new  element  is  introduced  to affect the result; for daily experience teaches us that, in  consequence of the  deficiency of capital, and the necessity of the buyer's reliance in some  degree upon  the efforts of his future industry, sales of real  estate are made  more advantageously, in point of price, upon  credit than for cash.   Here the property was  sold upon a partial credit, in May, 1843, for $1,375, and for cash  in August,  1844, for  $660. We cannot say that this discrepancy was not in some degree owing to the difference of terms ; and the inflexible standard of the *folle enchère*, by which we are called upon  to measure the defendant's liability,  is consequently, in the present case, unsafe and untrue.   Had the remedy been pursued according to the requisitions of the law, judicial  discretion would have been excluded by a conclusive legal presumption.   As it was not, the legal standard has  not been created, and there is  no basis for  the present suit.

Entertaining this opinion, we have deemed it unnecessary to consider the question of the effect of the lapse of  time upon the plaintiff's right to proceed by the *folle enchère*, and other points made by the defendant.

It is, therefore, decreed that the  judgment of the District Court be reversed, and that there be  judgment as in  case of non-suit ; the plaintiff  paying costs  in both courts.