No. 12,430.

## MARX WEIL vs. MOSES SCHWARTZ.

The remedy through the medium of the *folle enchere* has been properly characterized as summary and severe, and consequently it ought to be confined to cases clearly coming within the provisions of the law.

It is not applicable to sheriff's sales made under writs of *fieri facias*.

An order of court dissolving an injunction on bond is of that class contemplated by C. P. 566, which *may* cause the plaintiff an irreparable injury, in case it would operate a change of the possession of immovable property, or alter the *status* of the property so as to defeat any substantial object to be attained thereby.

*Breaux, J., concurring:* The injunction having been bonded, on appeal from the interlocutory order permitting the seizing creditor to bond, which the appellant and plaintiff in injunction pleads may cause him irreparable injury, he, appellant, may justly ask a hearing in support of his injunction.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*E. Evariste Moise* for Plaintiff, Appellee.

---

*Dinkelspiel & Hart* for Civil Sheriff, Defendant, Appellee.

---

*Lazarus, Moore & Luce* for E. V. Benjamin, Intervenor, Appellant.

Argued and submitted March 19, 1897.
Opinion handed down March 29, 1897.
Rehearing refused April 26, 1897.

The opinion of the court was delivered by

WATKINS, J. As this is an appeal from an interlocutory order dissolving an injunction on bond, the merits and motion to dismiss may be taken together.

The grounds of the motion are, (1) that plaintiff in injunction has no right of appeal; (2) the bonding order is interlocutory; (3) it causes no irreparable injury, the demand being compensable in money.

From the petition of E. V. Benjamin we ascertain that in certain interlocutory proceedings, entitled as this suit is, certain lots of ground situated in the city of New Orleans were adjudicated to him at public auction, as the last and highest bidder; and that subsequent to said adjudication he expressed himself as willing to comply with his bid on being tendered a good and valid title.

That the seizing creditor and his counsel insisted upon his complying with his bid, and upon his failing to do so they proceeded to at once readvertise the property at his risk and expense.

That, in communicating with the seizing creditor and his counsel, he attracted attention to the fact that there were several defects in the title of the seized debtor, and advised them that said defects were, in his opinion, so serious that he would not accept the adjudication of same except upon a decree of court declaring the validity of said title; but that the seizing creditor and his attorneys " refused to take a rule to have said title passed upon, and proceeded to have said property resold at the risk and expense of petitioner.

"That said property has been readvertised for sale  *  *  *  *  *  *  a la folle enchere, without any rule having been taken and without any order of court; and that it is doubtful and questionable whether the seizing creditor and the civil sheriff can proceed to sell a la folle enchere without any order of court passing upon the matter and upon their right to do so."

After setting forth in full the grounds of his objection to the title tendered, the petitioner prays, that the seizing creditor be enjoined and restrained from further proceeding " with the said sale a la

*folle enchere* " and that he have and recover judgment decreeing him to tender, and to deliver to him a good and valid title to the aforesaid property on his complying with his aforesaid bid and paying the purchase price; and that in default of his so doing, that he have judgment canceling said adjudication and relieving him from any and all obligations thereunder.

The seizing creditor obtained an order for the suspension of the plaintiff's injunction against the proposed sale *a la folle enchere*, upon bond, in the penal sum of three thousand dollars; and from that order the latter sought and obtained a suspensive appeal.

The questions to be here considered are:

1. Whether this is such an interlocutory order as will authorize an appeal.

2. Whether this is an injunction which can be dissolved by giving bond, even if the application for the bonding was taken and tried contradictorily with the parties; and

3. Whether the application to bond, being *ex parte*, is not illegal, and should, therefore, be vacated and set aside on appeal.

Counsel have *ex industria* argued many questions which would have applicability were the case here upon its merits, but which are altogether irrelevant to this appeal.

The simple question for consideration is whether the bonding order is such an interlocutory judgment as *may cause* the plaintiff in injunction an irreparable injury, in the sense of Code of Practice, Art. 566.

It has been frequently decided that an order dissolving an injunction on bond would cause such irreparable injury, within the contemplation of the article, in case it would operate a change of possession of immovable property. Torre vs. Falgoust, 33 An. 560; Railroad Company vs. New Orleans, 30 An. 970; Boedecker vs. East, 24 An. 154; Marion vs. Johnson, 22 An. 512; White vs. Cazenave, 14 An. 57; Villavaso vs. Barthet, 38 An. 417; Delacroix vs. Villere, 11 An. 39; Bethancourt vs. Stephens, 19 An. 291; Brown vs. Brown, 30 An. 507.

It has been just as frequently held that no appeal lies from an order of dissolution where the apprehended injury is compensable in money. Anderson vs. Smith, 28 An. 649; Stetson vs. City, 12 R. 489; Brott vs. Eager & Co., 28 An. 262; Cobb vs. Parham, 4 An. 147; Live Stock, etc., Co. vs. City, 32 An. 1192; Osgood vs. Black, 33 An. 493.

Under these two rules decisions, practically innumerable, as many various tests have been applied, and it would not prove beneficial to the litigant or instructive to the profession, to pause here and attempt their alignment in respect to the present litigation.   Suffice it to say that a bond of three thousand dollars could not possibly compensate an adjudicatee whose bid at the sheriff's sale was six thousand dollars, and on account of whose failure to pay over the purchase price a sale *a la folle enchere* is proposed by the seizing creditor; for *non constat* that the property will sell at the second offering for the difference of three thousand dollars.   But let that be conceded for the argument, and yet the position of the parties is not altered, because the plaintiff in injunction affirms his right to the property, if the title be cleared of legal impediments, and he absolutely denies the right of the seizing creditor to proceed *a la folle enchere.*

To protect himself in the premises he was bound to enjoin; and our conclusion is that, if the seizing creditor had not the right to proceed to sell *a la folle enchere,* the bonding order was in violation of the rights of the plaintiff in injunction and operated to his irreparable injury, and as such the latter was entitled to an appeal.

The right to sell property *a la folle enchere* is founded on the precept of our Code which declares that " in all cases of sale by auction   *   *   *   if the person to whom adjudication is made does not pay the price at the time required   *   *   *   the seller at the end of ten days, and after the customary notices, may again expose to public auction the thing sold, as if the first adjudication had never been made; and if at the second crying the thing is adjudged at a smaller price than that which had been offered by the person to whom the first adjudication was made, the latter remains the debtor to the vendor for the deficiency, and for all the expenses incurred subsequent

The plaintiff raised an issue of fact upon this point and insists that to the first sale."   R. C. C. 2611.

In an early case our predecessors examined the question now under consideration and held, that the seizing creditor had not the right to proceed *a la folle enchere* in the event a bidder at a sheriff's sale should fail to comply with the adjudication and pay the purchase price.

Upon this question the court said:

"After a most deliberate examination of the question, we are of

opinion that the doctrine *a la folle enchere* is not applicable to those sales made by a sheriff under writs issuing on final judgments. Art. 2595 of the Code declares that judicial sales are subject to the same rules as other public sales, in all such things as are not contrary to the formalities expressly prescribed for such sales, and with the modifications made thereafter. When we turn to Art. 2589 of the Code and observe the formalities required for selling property at the risk of the first bidder, we find them altogether different from the directions given to the sheriff by Art. 689 of the Code of Practice. Under the former article, if the price be not paid, no steps can be taken until after the expiration of ten days, to have a second sale, and then the customary advertisements must be published; but, under the latter, no such delays or formalities are necessary; the sheriff may, if the price be not paid, when the sale is for cash, or if the proper securities are not given when it is on a credit, proceed anew to sell the property and adjudge it to another person. The decisions of this court have been entirely adverse to the idea that the sheriff has to wait ten days and then sell after the customary notices." Gallier vs. Garcia, 2 Rob. 319.

The same principle has been frequently since maintained; for instance, in Nolte vs. Creditors, 3 La. 268; Durnford vs. Degruys, 8 M. 220; Walker vs. Allen, 19 La. 311; McCargo vs. Insurance Co., 10 R. 307; Amory vs. Black, 13 La. 268; Duncan vs. Armant, 3 An. 84; City vs. Pellerin, 12 An. 92; and Insurance Company vs. Ruddock, 22 An. 46.

This jurisprudence is principally grounded upon the difference between the provisions of Revised Civil Code, 2611, which treats of " all cases of sale by auction," and that of Code of Practice, 689, which treats of sheriff's sales, exclusively—the latter contemplating no delay whatever in making the second advertisement, while the former provides that the seller may proceed at the end of ten days to expose the thing first adjudicated for a second sale.

In Guillotte vs. Jennings, 4 An. 242, it was said that " the remedy through the medium of the *folle enchere* has been properly characterized as summary and severe, and from this consideration the conclusion is fairly derived, that it ought to be confined to cases clearly coming within the provisions of the law, and in whsch its requisitions have been observed. See Second Municipality vs. Hennen, 14 La. 586.

Weil vs. Schwartz.

"Article 2859, C. C., seems to us to contemplate that the terms of the *folle enchere* shall be the same as the first adjudication," etc.

In Jennings vs. Hodges, 16 An. 321, the court held that "the remedy by a sale *a la folle enchere* is a harsh one, which must, in all cases, be strictly preceded by an observance of all the forms of law known in commutative obligations," etc.

Applying the principles of the foregoing adjudications to the instant case, we think the order dissolving the plaintiff's injunction on bond was improvidently made, and, manifestly, operates to his prejudice and injury.

Whatever rights the plaintiff acquired as an adjudicatee of the real property adjudicated at the sheriff's sale are made the foundation of this injunction suit, and should be maintained *in statu quo* until the same have been judicially determined—it matters not what the result may be.

If the bond furnished by the seizing creditor is held to respond to *all* of his demands in the injunction suit, should it prove successful, it is quite evident it would stop short of the principal relief which is demanded by him therein.

We think the proper course was for the judge *a quo* to have declined to grant the order of dissolution on bond, and allowed the injunction suit to take its regular course in his court.

Entertaining this view, we are of opinion that the interlocutory order appealed from should be set aside and plaintiff's injunction reinstated.

It is therefore ordered and decreed that the interlocutory judgment dissolving the plaintiff's injunction on bond be and the same is hereby annulled and reversed; and it is further ordered that this appeal be maintained and plaintiff's injunction reinstated for trial according to law; and that the seizing creditor and appellant be taxed with the cost of appeal, all other costs to await final judgment in the District Court.

## CONCURRING OPINION.

BREAUX, J. The seizing creditor assumed that the adjudication was legal and that the title was one the adjudicatee should accept.

The adjudicatee denied that the title was one he should accept.

There are several grounds alleged in the petition for an injunction to which he alleged he had called plaintiff's attention.

He alleged that despite the grounds to which he had called appellee's attention after the adjudication, the plaintiff readvertised the property for sale at his (defendant's) risk and expense.

He sued out the injunction to prevent the plaintiff from selling the property at his risk and expense.

The injunction having been bonded on appeal from the interlocutory order permitting the seizing creditor to bond, which the appellant pleads may cause him an irreparable injury, he (the appellant) may, I believe, justly ask a hearing in support of his injunction.

The writ of injunction may have issued without grounds sufficient to maintain the petition and order of injunction.

But the court having granted the order of injunction and the petitioner for the injunction having complied with the order by filing a sufficient bond to respond for all damages he should now be heard.

While the adjudicatee most assuredly has no right unnecessarily to obstruct the execution of a judgment or the enforcement of an order of seizure and sale, he should have latitude enough at this period in the history of the litigation to sustain, if he possibly can, the plea of nullity which he has filed.

No objection to form; that is, to sell *a la folle enchere* is before us, as I appreciate the issues. Such a contention is, in my judgment, *ultra petitum* and at variance with the grounds heretofore urged by the plaintiff and the defendant.

Granted, however, in so far as the question is one of form that the sheriff is authorized to offer seized property for sale *a la folle enchere*, in my opinion this appellant, none the less, having furnished the required bond, should have a standing in court, to be heard before a re-offer of the property.

The appellee is amply protected by the bond.

For these reasons I concur in the decree.

NICHOLLS, C. J. and MILLER, J. dissent.