MONROE, C. J.
Plaintiff has appealed from a judgment sustaining an exception of no cause of action and dismissing his suit. 1-Ie alleges:
That he was employed by defendant as a mill hand, and that he worked under pClem Barthe, who was the foreman, with authority to discharge those working under him; that Barthe, acting as the agent and servant of defendant, within the scope of his authority and in the course of his employment, ordered him to do some dangerous work, which plaintiff refused to do unless the appliances were made safe; “that thereupon said Clem Barthe, without just cause, immediately discharged petitioner and ordered petitioner to leave the mill at once; that while petitioner was preparing to leave said mill, in obedience to said order, the said foreman, without any cause and with a view of dismissing petitioner from the employ of defendant and expelling him from the premises, struck petitioner on the top of the head with a large block of wood, knocking petitioner to the ground and making a large cut and hole in petitioner’s head.”
The action seems to have been brought under article 2315 of the Civil Code, and the question of plaintiff’s right to sue under that article is not raised. Considered from that point of view, we are of opinion that the exception should have been overruled.
“The earlier doctrine of the common law,” this court has said, “affirmed the rule that ‘in general a master is liable for the fault or negligence of the servant, but not for his willful wrong or trespass.’ * * * But the tendency of later jurisprudence is to discard this distinction and to recognize the liability of the master, not only for the negligence of his servants, but also for their torts when done within the scope of their employment, or, in the language of the Code, ‘in the exercise of the functions in which they are employed.’ It matters not that the acts are willful and tortious, nor that they have been committed in disobedience of express orders of the master; if they have been done in the exercise of the functions of their employment, the master is liable.” Williams v. Pullman Palace Car Co., 40 La. Ann. 87, 3 South. 631, 8 Am. St. Rep. 512; Gann v. Great So. Lumber Co., 131 La. 400, 59 South. 830, and authorities there cited.
In the instant case it is alleged that plaintiff was an employé, and Barthe his foreman with authority to discharge him; that the foreman, “acting within the scope of his authority,” gave him an order which he refused to obey; “that thereupon said Clem Barthe” discharged him; and ordered him to leave the mill, and that while he was preparing to leave “the said foreman, without any cause, and with a view of dismissing petitioner * * * and expelling him from the premises, struck petitioner,” etc. The story, from beginning to end, therefore purports to be a narrative of what defendant’s foreman did while acting within the scope of his authority. He discharged plaintiff, ordered him to leave the mill, and, acting in the same capacity and with the same purpose in view (according to a reasonable interpretation of-the allegation, “with a view of dismissing petitioner”), and to make his discharge effective, or expedite obedience to his order, struck petitioner on the top of the head,” etc.
We take the story, as thus told, to be true, for the purposes of the exception. Whether, in fact, the foreman struck plaintiff, and, if so, whether it was done in the discharge of the functions of his employment or for some reason personal to himself, will, no doubt, be developed on the trial.
For the reasons thus assigned, the judgment appealed from is annulled, the exception overruled, and the case remanded, to be proceeded with according to law and to the views herein expressed; defendant to pay the costs of the appeal.
LECHE, J., takes no part.