not the same as ours as to community of acquêts and gains.

[7] Another proposition of this supplemental brief is that as the property in the case at bar consisted of movables, its situs must be considered as having followed the domicile of the parties, under the maxim mobilia sequuntur personam. But that maxim, which is based on pure fiction, cannot defeat the operation of a statute imposing a tax. National Fire Ins. Co. v. Board of Assessors, 121 La. 108, 46 South. 117, 126 Am. St. Rep. 313; General Electric Co. v. Board of Assessors, 121 La. 116, 46 South. 122.

The judgment appealed from is therefore set aside, and this case is remanded to the trial court to be proceeded with in accordance with the views herein expressed. The succession to pay the costs of this appeal.

O'NIELL, J., dissents and hands down reasons. See 83 South. 769.

======

(83 South. 771)

No. 23512.

NASH v. LONGVILLE LUMBER CO.

(Feb. 2, 1920.)

(*Syllabus by the Court.*)

MASTER AND SERVANT ⬳306—MASTER LIABLE FOR NEGLIGENT PERFORMANCE OF LAWFUL ACT BY SERVANT.

Where one person authorizes another to perform a certain function, lawful in itself, and to be lawfully and cautiously performed, he becomes liable for the consequences to third persons if it be unlawfully or negligently performed, and such persons are thereby injured, and the same rule applies whether the employer or principal be an individual or a corporation.

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Jerry Cline, Judge.

Action by Simon Nash against the Longville Lumber Company. Exception of no cause of action sustained, and suit dismissed, and plaintiff appeals. Reversed, exception overruled, and case remanded.

Kay & Plauche, of De Ridder, and Sanders, Brian & Sanders, of New Orleans, for appellant.

A. P. Pujo and C. R. Liskow, both of Lake Charles, for appellee.

Statement of the Case.

MONROE, C. J. Plaintiff has appealed from a judgment sustaining an exception of "no cause of action" and dismissing his suit. The allegations of the petition pertinent to the question presented are: That petitioner was employed by defendant as a laborer in its woods and logging department; that his duty was to assist in the loading of flat cars with logs, and his particular duty on the day that he received the injury of which he complains, and for 15 months prior thereto, was to catch the logs as they were brought up from the ground and let down on the cars by means of a boom with pulleys, wire ropes, and hooks, straighten them out, and release the hooks after the logs had been properly placed, his position for the purposes of that work being upon the top of the car; that the entire work was done by a loading crew with machinery under the supervision and control of Jake Tally, who was the foreman and agent of defendant in that work; that the engine operating the loading apparatus was ordinarily handled by a Mr. Alvy, but on the day that plaintiff was injured was operated by Tally, the foreman; that it was part of plaintiff's duty to signal to the tong puller the kind of log to be hooked and sent in, plaintiff's long experience enabling him to determine the kind suitable for the successive steps in the process of loading; that Alvy operated the engine and boom, when plaintiff was present, in a reasonably safe manner, but that Tally operated it too swiftly and recklessly, thereby subjecting plain-

tiff to great danger of being struck by the logs, and that plaintiff often complained to him about his so doing; that on February 27, 1918, Tally had been operating the engine during the entire loading of a car, and plaintiff had frequently been compelled to dodge the logs as they were brought in and swung around in order to avoid being struck by them, and complained of and protested against the reckless manner in which they were handled; that, when the loading of the car was almost completed, he signaled the tong puller to send in a large log, as the best suited to fill a particular place in the load, and the log was hooked and pulled in near the car, but that Tally threw it down and would not hoist it aboard the car; that plaintiff again signaled for a large log, but that Tally refused to hook it, and himself signaled for a small log; that the log thus signaled for, besides being unsuited for the place to be filled, had long been deadened, and the "sap" upon same was soft and likely to give and allow the hook to break loose; that Tally pulled it in and swung it towards plaintiff with such reckless swiftness and disregard of plaintiff's safety that plaintiff saw that he could not escape being struck by it if he remained on the car, and, believing that his life was in danger, he jumped off the car in order to avoid the danger and started away with the intention of seeking another job; that Tally thereupon left the engine, and, rushing up to plaintiff with an axe, demanded that he return to work on the car, and threatened him with bodily harm unless he complied with that demand, and, upon plaintiff's refusing to comply, threatened to kill him, and in fact struck at plaintiff's head with the axe and seriously wounded him in his right hand, with which he attempted to protect his head, "cutting through the back of the hand and wrist diagonally across the joint, almost severing said hand from wrist, and cutting some of the bones and tendons between the wrist and the hand"; that plaintiff received temporary attention from his co-workers and went to a turpentine "still" about a mile away, where he fainted from pain and loss of blood, and then obtained transportation to the railroad and via the railroad in a caboose to his home in Longville; that he received temporary aid from defendant's physician, was operated on by another physician, found at the end of two weeks that the wound was infected, and that the tendons had not been properly set and connected, and went to New Orleans and consulted a surgeon, by whose advice he went to the Charity Hospital and underwent another operation; that he was compelled to visit the hospital twice a week until June 25th, with his hand always sore and painful—the end of it all being:

"That the use of the finger and thumb is destroyed, and that he is unable to perform any work with that hand, and is advised that it will never be of any real use to him.

"That the said injuries to your petitioner were caused by the deliberate, malicious, wanton, willful and unlawful acts on the part of the said Jake Tally, who was then acting within the course of his said employment as foreman and employé of the said Longville Lumber Company, in connection with, and in furtherance of, his said employment as foreman by the said defendant company and for and on behalf of the said defendant company, and that the said defendant company is therefore liable to your petitioner for damages resulting therefrom."

After specifying which, the petition continues:

"That the said Jake Tally is a man with a reputation, justly earned, of being vindictive, overbearing, and negligent of the safety of employés under his direction and control, and that the said Longville Lumber Company knew of said reputation, and were therefore further negligent in employing the said Jake Tally and placing him in charge of laborers.

"Wherefore, the annexed affidavit and premises considered, petitioner prays," etc.

From all of which foregoing it appears (taking the allegations of the petition to be true for the purposes of the exception) that, while in the employ of the defendant, in the discharge of the duty for which he was em-

ployed under the direction and control of a foreman authorized by defendant to that effect, plaintiff found it necessary for the preservation of his life to leave the working place to which he had been assigned, after protesting against the conduct of the foreman, which had rendered the place unsafe, and that upon his refusal to return thereto and resume his work he was assaulted by the foreman with an axe and crippled for life.

### Opinion.

Our esteemed brother of the district court holds that, to disclose a cause of action against defendant, it was not sufficient for plaintiff to allege that Tally was defendant's foreman of the crew of which plaintiff was a member and which was subject to, and working under Tally's orders, but that it should have been specifically alleged that Tally was specifically authorized to use an axe (or force of some kind) in compelling plaintiff to go on with his work. We quote the following from our brother's opinion:

"The plaintiff contends that it was the duty of the foreman to see to it that the man in the crew kept at work. But, even if this be admitted—it was his duty to see that those who were employed and being paid for their time gave the services for which they were paid—it could not be said that the terms of his duty authorized or contemplated that he should by force prevent a man from resigning his position. There would have to be a very positive allegation and very clear proof that an employer contemplated forced labor, involuntary servitude, before he could be held liable for acts of an employé who attempts by violence to force others to work. The circumstances charging the employer with having granted implied authority for the commission of such acts must be very unusual indeed."

If that doctrine be sound, then no principal who authorizes his agent to perform or at-

tempt a peaceful act in a lawful way can be liable for the consequence to others if the agent perform or attempt the act in a violent and unlawful way, even though he may have no personal motive, and his sole purpose be to carry out the instructions of his principal; and the same would be true with regard to a principal who intrusts his agent, or one for whose acts the law makes him responsible, with a dangerous weapon, or dangerous machinery, or weapon or machinery which becomes dangerous if not cautiously handled. As we understand it, however, when one person authorizes another to perform a certain function, lawful in itself and to be lawfully and cautiously performed, he becomes liable for the consequences to third persons if it be unlawfully or negligently performed and such persons are thereby injured; and the same rule applies whether the employer or principal be an individual or a corporation. Marshall on Corporations, p. 307, § 104; Williams v. Pullman Car Co., 40 La. Ann. 87, 3 South. 631, 8 Am. St. Rep. 512; Gann v. Great So. Lumber Co., 131 La. 400, 59 South. 830; Vincent v. Morgan's L. & T. R. Co., 140 La. 1027, 74 South. 541; Serio v. Am. Brewing Co., 141 La. 297, 74 South. 998, L. R. A. 1917E, 516; Matthews v. Otis Mfg. Co., 142 La. 88, 76 South. 249.

It is therefore ordered and decreed that the judgment appealed from be annulled, the exception filed on behalf of defendant overruled, and this case remanded to the district court, to be proceeded with according to law and the views hereinabove expressed; the defendant to pay the costs of the appeal, and those of the district court to await the judgment on the merits.