ST. PAUL, J.
 

 This is a suit brought by the administratix of the succession of Widow Elizabeth Curry to recover of defendant the difference between the price brought by a certain piece of property when first sold at public auction to defendant ($12,300) and when sold “a la folie enchere’ ($9,250), after defendant failed to comply with her bid.
 

 I.
 

 Petitioner alleges: That the adjudication to defendant was made on June 12, 1924, the terms of sale/ being: “Purchaser to pay cash. * * * Ten per cent, deposit required at moment of adjudication.” That, notwithstanding repeated demands, the 10 per cent, deposit was not made; defendant stating that she could not and would not comply with her bid. That the sale “a la folie enchere” was made on July 10, 1924, after advertising three times in the ten days preceding. That defendant was present at said sale, acquiesced therein, and approved thereof.
 

 II.
 

 In the court below the «defendant filed exceptions to the jurisdiction of that court and to the capacity of plaintiff to bring this suit. These exceptions are without merit and are not insisted upon here.
 

 She also filed an exception of no cause of action, which she bases upon two grounds, viz.: (1) That she was not “put in default” by tender of a formal deed of sale; and (2) that in sales “a la folie enchere” the property, when consisting of an immovable, must again be advertised once a week for 30 d'ays, said advertising
 
 to begin
 
 only 10 days after the first sale.
 

 The trial judge maintained the exceptions, and plaintiff appeals..
 

 III.
 

 Articles 2609, 2610, and 2611, of the Revised Civil Code of 1870, read as follows:
 

 “Art. 2609. If the adjudication be made on condition that the price shall be paid in cash, the auctioneer may require the price immediately, before delivering possession of the thing sold.
 

 “Art. 2610. If the object adjudged is an immovable for which the law' requires that the act of sale shall be passed in writing, the purchaser may retain the price, and the seller the possession of the thing, until the act be passed.
 

 “This act ought to be passed within twenty-four hours after the adjudication, if one. of the parties require it; he who occasions a further delay is responsible to the other in damages.
 

 “Art. 2611. In all cases of sale by auction, ■whether of movables or immovables, if the person' to whom adjudication is made does not pay the price at the time required, agreeably to the two preeeeding articles, the seller at the end of ten days, and after the customary notices, may again expose to public sale the thing
 
 *339
 
 sold, as if the first adjudication had never been made; and if at the second crying, the thing is adjudged for a smaller price than that which had been offered by the person to whom the first adjudication was made, the latter remains a debtor to the vendor, for the deficiency and for all the expenses incurred subsequent to the first sale. But if a higher price is offered for the thing than that for which it was first adjudged, the first purchaser has no claim for the excess.”
 

 IV.
 

 The general law provides that in all judicial sales the property to he sold shall be advertised 10 days if it consists of movables only, and 30 days if it consist of an immovable.
 

 V.
 

 It is well settled that where a party
 
 refuses,
 
 and does not merely fail or neglect, to comply with his obligation, the other party need not formally put him in default. No one is required to do a vain and useless thing. N. O.
 
 &
 
 Nashville R. R.
 
 Co.
 
 v. Ganalh, 18 La. 510, 513; Abels v. Glover, 15 La. Ann. 247; State v. Police Jury, 120 La. 163, 45 So. 47, 14 L. R. A. (N. S.) 794, 124 Am. St. Rep. 430; Reinach v. Jung, 122 La. 610, 48 So. 124; Robelot v. Gentilly Terrace Co., 10 Orleans App. 237. Hence:
 

 “An adjudicatee who absolutely declines to take the property cannot afterwards urge want of formal tender; his refusal was a waiver and the vendor was under no legal obligation to do a vain thing.” Lindner v. Morgan, 2 Orleans App. 259.
 

 VI.
 

 Article 2609, R. C. C. above quoted in full, provides that, if the adjudication be made for cash, the auctioneer may require the price
 
 immediately
 
 before delivering possession.
 

 Article 2610, R. C. C., provides that, if the thing sold be an immovable, the written act of sale ought to be passed within 24 hours if either party require it.
 

 How then can it be argued that under article 2611, R. C. C., the adjudicatee, even though the terms be cash, still has
 
 ten days
 
 to pay, during which the seller can take no steps towards a sale a la folie enchere, when the language of article 2611, R. C. C., is :
 

 “If the person to whom the adjudication is made, does not pay the price at the time required,
 
 agreeably to the two preceding articles,
 
 the seller
 
 at the end
 
 of ten days, and after the customary notices, may again expose to public sale the thing sold,” etcr
 

 This meaning seems clear enough; and this court has twice said what that meaning was. In Stewart v. Paulding, 7 La. 506, this court held that the jury had been correctly charged, “that the second sale need not be advertised during more than
 
 10
 
 days.” In Duncan v. Armant, 3 La. Ann. 84, it was argued again that the sale should have been advertised during 30 days,
 
 beginning within ten days after the first adjudication.
 
 The court said:
 

 “This term of 10 days, fixed by the Code,, refers exclusively to
 
 the duration of the advertisement,
 
 and not to the poriod at which it is to commence.” (Italics ours.)
 

 VII.
 

 It will therefore be seen that a sale “a la folie enchere” is not governed, as to advertisements, by the general law, but by the special provisions of the Code on that, subject. And, if we turn back to the chapter of the Code on Sales by Auction (R. C. C. 2601 to 2617), we will see the reason why. For that chapter deals of
 
 voluntary
 
 as well 'as
 
 forced
 
 (i. e.-judicial) sales by auction; and article 2611, R. C. C., now under consideration, applies “in all cases of sale by auction” ; that is to say to voluntary as well as to forced (i. e. judicial) sales.
 

 VIII.
 

 It is said that this court has held otherwise in three later cases, viz. Guillotte v. Jennings, 4 La. Ann. 242; Labauve v. McCabe, 34 La. Ann. 183; and Weil v. Schwartz, 49 La. Ann. 583, 21 So. 859.
 

 But we do not find it so. All three cases hold that a sale a la folie enchere is a harsh
 
 *341
 
 remedy, which cannot be extended, and must be used in strict accordance with the provisions of law. In Guillotte v. Jennings it was held that the
 
 terms of sale
 
 must be the same at both offerings. In Labauve v. McCabe it was held that the property offered at the second sale must be
 
 identically the same
 
 as that offered the first .time, without change or variance whatsoever. In Weil v. Schwartz it was held that the procedure was
 
 not applicable to sheriffs’ sales. •
 
 These cases all rest upon abundant authority; but none of them touches the question now under consideration, and which we think was correctly decided in Stewart v. Paulding and Duncan v. Armant, supra.
 

 IX.
 

 We conclude that the exceptions herein filed were not well taken, and should not have been sustained.
 

 Decree.
 

 The judgment appealed from is therefore reversed, and the exceptions herein filed by the defendant are overruled, and the case is now remanded to be proceeded with according to law; defendant-appellee to pay the costs of this appeal, and all other costs to await the final outcome.