No. 3715

Second Circuit.

(Second Division)

———

PENNYWELL v. BAUMAN

———

(July 16, 1931. Opinion and Decree.)

———

Foster, Hall, Barrett & Smith, of Shreveport, attorneys for plaintiff, appellant.

Edward Barnett, of Shreveport, attorney for defendant, appellee.

CULPEPPER, J. Plaintiff owned an undivided six-tenths interest in lot No. 1 of block 4, ten-acre lot 31 of the city of Shreveport. The Washburn Land Company owned all or a portion of the remaining interest. Being unable to agree on an amicable partition, the Washburn Land Company instituted a partition suit against Mrs. Pennywell, obtained a judgment as prayed for, and, pursuant to the order, obtained a commission to sell the property at public auction for cash, to effect a partition, the proceeds to be distributed, after deducting the expenses of the sale, to the several co-owners in proportion to their respective interests.

The sheriff advertised the property for sale, under the order, for March 9, 1929. The defendant appeared at the sale and bid $17,000 for the property. Mr. Marion K. Smith, attorney representing plaintiffs, was present and objected to the defendant as a bidder, because plaintiff was said to be not financially responsible. There is considerable conflict in the testimony as to whether the bid of the defendant was actually accepted by the deputy sheriff. At all events, the matter was to be further discussed later in the day, but before four o'clock. Defendant understood, so he testifies, that the property was to be then reoffered for sale, whereas plaintiff's attorney says it was only to permit defendant to obtain the cash to make good his bid.

Defendant declined to comply with the bid, whereupon, at whose direction it is not clear, the property was re-advertised to be sold on April 27, 1929, when the property was adjudicated to plaintiff for $14,550. This suit is for six-tenths of the difference between the original bid of defendant of $17,000 and the amount bid by plaintiff, or six-tenths of $2,450.

Defendant tendered an exception of no cause and no right of action against the claim as made, which was overruled. On the trial of the case, there was judgment for the defendant, and plaintiff appeals. Defendant answers the appeal, and asks this court to sustain the exception.

The exception, we think, should have been sustained. Plaintiff alleges that she was the owner of six-tenths of the property, and that, at the second offering, she became the purchaser, and by reason of that fact, she alleges she is "entitled to such proportional part of the proceeds, which should have been realized from the first adjudication." ·

When plaintiff bid in the property, at the second offering, she was still the owner of this six-tenths. If she paid in the full amount of her bid, then there was returned to her six-tenths thereof less her proportion of the expenses of the sale. The result is that, as to this six-tenths, she has both the property and the price, and

she is now asking that defendant contribute $1,470 additional.

In the case of Weil v. Schwartz, 49 La. Ann. 582, 21 So. 859, the Supreme Court held, citing prior jurisprudence, that the character of action brought by the plaintiff is summary and severe, and in consequence it should be confined to cases clearly coming within the provisions of the law; accordingly, it held that article 2611 of the Civil Code is not applicable to a sheriff's sale, made under writs of fieri facias.

Plaintiff's able counsel argue that the Weil case is not applicable to the case here because the facts of this case bring it within the rule laid down by art. 2611 of the Civil Code, which governs sales at public auction. Counsel contends that this is a sale by public auction and cites Stockelback v. Bradley, 159 La. 336, 105 So. 363. Although it holds that article 2611 of the Civil Code applies to forced sales as well as to voluntary sales, that case is not applicable, because the purchaser in that case, at the second offering, was not the owner of the property.

The jurisprudence of this state is that a recovery may not be had where the owner of the property thus sold at public auction bids in the property at the second offering. We find no case where such owner has ever been permitted to recover under such circumstances. And it is upon the equitable ground that there has been in fact no change in the ownership. And that principle is applicable here. The plaintiff owned six-tenths of the property before the sale, and she owned it after the sale. If it had not been sold she would have continued to own six-tenths of the property. This sale in no way affected this interest. It would, therefore, be inequitable to permit plaintiff, because of some paper proceedings that did not affect, in the least, the interest in the property made the basis of this proceeding, to keep the property as well as its price, and claim damages besides.

In the case of Banks v. Hyde, 15 La. 391, where the plaintiff was undertaking to recover the difference between the amount of the first bid and the amount for which it was, on the second offering, adjudicated to the plaintiff, the court said:

"The first adjudication was for nineteen thousand dollars; the second for seven thousand dollars. We cannot consider the difference as a loss to plaintiff. If it was allowed him, he would be receiving his property back, and besides, a sum of twelve thousand dollars."

And in the case of Municipality No. 2 v. Hennen, 14 La. 559, the same principle is announced. We quote from the syllabus: "The vendor, in prosecuting the folle enchere, cannot recover the difference between the first and last sale, if he bids in his own property."

In the case of D'Aquin v. Armant, 14 La. Ann. 217, the court cited and followed the above cases, and observed:

"The vendor could not recover from the adjudicatee at an auction sale, the deficiency in the price of the same property, when resold a la folle enchere, if the vendor purchased at the second crying."

But, counsel contends that a co-owner can purchase property at a partition sale, and hence the reasoning of the court in the three cases last cited does not apply. We think it does apply. A co-owner can, of course, bid in property at a partition sale, but such a bid, when accepted, in no wise changes or affects the interest owned by the bidder at the time the bid is made. It simply has the effect of vesting in the bidder the outstanding interest which he did not own.

In view of the fact that the exception was overruled and that the judge of the lower court reached the conclusion on the trial of the merits, that plaintiff was not entitled to recover, and we have reached the same conclusion on other grounds, we have simply concluded to affirm the judgment rendered below.