No. 877

First Circuit

HARRIS v. SEVIER ET AL.

(December 8, 1931. Opinion and Decree.)
(February 8, 1932. Rehearing Refused.)
(March 30, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

Daspit & Huckabay, of Baton Rouge, attorneys for plaintiff, appellant.

Charles A. Holcombe, of Baton Rouge, attorney for defendants, appellees.

ELLIOTT, J. In a difficulty which took place on the grounds of the new state capitol building between George F. Sevier and George Toney, a watchman in the employ of George A. Fuller Company, the plaintiff, Hollis Harris, was shot by a pistol fired by said Sevier and badly injured.

The injury was received on February 4, 1931, at 5 o'clock p. m., Toney, the watchman, was endeavoring at the time to eject Sevier from the grounds upon which the new state capitol building was being erected, and had struck him with a pistol. Sevier thereupon drew his pistol and fired, striking Harris, who was standing about 100 feet distant, and taking no part in the difficulty.

The plaintiff, Harris, brought this suit against Sevier and George A. Fuller Company, claiming of them $5,405.75 in solido as damages on account of his injuries and expenses made necessary as a result of his wound.

George F. Sevier and George A. Fuller Company each excepted to his petition on the ground that he did not disclose any cause or right of action against them. The exception urged by Sevier has not been acted on. The exception of no cause of action urged by ·George A. Fuller Company was sustained, and the suit as against them dismissed.

The plaintiff has appealed. The only question before us on the present appeal is the correctness of the ruling sustaining the exception of no cause urged by George A. Fuller Company.

The plaintiff alleges:

That George A. Fuller Company had George Toney in its employ at the time in question, as watchman. That Toney's duty was· to protect the property of said company, keep trespassers off said state capitol grounds, maintain peace and order, and generally to keep order on said premises and perform such services as are incident to the duties of a watchman. That, while on the grounds with permission, he was shot with a pistol as the direct result of a difficulty between Toney and Sevier. That Sevier was accosted by Toney while walking across the grounds and ordered off the premises, with the admonition that, if he did not get off, he would beat him on the head with his pistol. That Toney in his capacity as watchman, attempted to eject Sevier, and in so doing carried out his threat and struck him on the head several times with his pistol, knocking him down on his knees. That thereupon Sevier drew his pistol and fired four shots, one of which struck petitioner.

That petitioner was an innocent bystander, distant at the time about 100 yards from the said Toney and Sevier, taking no part in the difficulty, and was not guilty of any negligence in the slightest degree. That said Toney provoked and brought on the difficulty, and was the aggressor throughout. That in attempting to eject Sevier from the grounds he was performing, or attempting to perform, his duty as watchman in an illegal, improper, and unwarranted manner.

That on several other occasions prior to the time in question he had demonstrated his unfitness for the position occupied by him by acting in a harsh, improper, and unwarranted manner in protecting the said premises from trespassers, and the said

George A. Fuller was grossly negligent in retaining him therein.

That said Toney was an unsafe and dangerous man in the position of watchman to the knowledge of George A. Fuller Company, but that they persisted in retaining him in said position after such was made known to them.

That George F. Sevier handled his weapon in a careless and reckless manner, and with wanton disregard and negligence for the safety of your petitioner, because he actually fired the shot which struck your petitioner.

A watchman is said to be:

"An officer in many cities and towns whose duty it is to watch during the night and take care of the property of the inhabitants."

He is also said by the same authority to possess generally the common-law authority of a constable to make arrests where there is reasonable ground to suspect a felony, though there is no proof of a felony having been committed. Bouv. Law Dict., Vol. 3, page 3435, verbo Watchman.

Under Revised Statutes of 1870, sec. 932 (amended by Act No. 43 of 1906), a watchman, engaged by a private concern to protect its property, has no right to carry weapons concealed on or about his person. It is alleged that Toney had a pistol. We cannot assume, however, in the absence of any averment to that effect, that Toney was engaged in violating the law, but will assume that he carried it openly. It is alleged that Sevier had a pistol, and, in the absence of any averment to the contrary, we will, for the same reason assume that he carried it openly. As both presumptively carried their pistols openly, we assume that, when Toney accosted Sevier and ordered him off the premises, they each saw that the other was armed with a pistol.

The averment that Toney ordered Sevier off the capitol grounds and said that, if he did not get off, he would beat him on the head with his pistol, attempted to eject him, and in so doing carried out his threat and struck him on the head with his pistol, justifies the inference that Sevier, ordered off the premises, refused to go. In such a situation force was necessary. Sevier was armed; consequently it does not appear from the petition that resort by Toney to blows with his pistol should be regarded as an act of provocation nor aggression, nor the performance of his duty in an illegal, improper, or unwarranted manner.

A course of conduct which would have been improper if Sevier had been unarmed will be deemed proper under averments that Sevier was armed, and refused to go when ordered. Force adequate to overcome armed resistance is admissible in executing a justifiable ejectment.

The averment that Toney provoked and brought on the difficulty, and was the aggressor throughout, must be understood in connection with the other averments, from which it appears that Toney was justified in taking the offensive. If he had not, the authority of George A. Fuller Company over the premises, which is not questioned, would have been abdicated in favor of Sevier, who must be looked on, for the purpose of the present determination, as a trespasser, and the act of Toney as having been done in the exercise of the functions in which he was employed, under Civ. Code, art. 2320.

But George A. Fuller Company is not responsible for the shooting, unless it appears from the petition and pursuant to the provisions of Civ. Code, arts. 2315, 2316 and 2317, that their watchman had no right to use the force applied to Sevier in his effort to expel him from the premises, and

that his fault committed in the way mentioned resulted in Sevier firing the shot which injured the plaintiff.

The averments justify the conclusion that George A. Fuller Company was not at fault for using the force applied to Sevier. It appears as a proper deduction therefrom, instead, that it was the independent and tortious act and fault of Sevier in firing the pistol in an effort to maintain himself where he had no right to be, to which must be attributed plaintiff's injury.

The averment that George A. Fuller Company knew that the watchman was unfit, an unsafe and dangerous man in the position of watchman, does not render it responsible for damages merely from that fact, when it otherwise appears from the petition that the injuries which plaintiff received resulted solely from the fault and tortious act of Sevier, not in their employ, but acting against them and firing in an effort to prevent himself from being ejected from premises on which he had no right to be.

George A. Fuller Company was not obliged to leave an armed trespasser on its premises simply because of the fact that, if force was used, the trespasser might fire a shot which might injure some bystander, taking no part in the ejectment.

The plaintiff urges very strongly that his petition sets forth a cause of action, and cites us to many authorities which he claims support his position. The plaintiff particularly mentions cases entitled Stumpf v. Baronne Bldg., Inc., 16 La. App. 702, 135 So. 100, decided by the New Orleans Court of Appeals; Galveston, H. & S. A. Ry. Co. v. Bell, 110 Tex. 104, 216 S. W. 390, decided by the Supreme Court of Texas, and Fishburn v. Burlington & N. W. Ry. Co., 127 Iowa, 483, 103 N. W. 481, decided by

the Supreme Court of Iowa as supporting the sufficiency of his averments against George A. Fuller Company.

We have not access to the Texas and Iowa cases cited, but we take it that the language quoted therefrom appears all as claimed; therefore, taking the quotations as correct, an important difference appears between the cases cited and the pleadings in the present case.

In the cases cited, the defendant, of whom damages were claimed, had, by its agents and servants, acting within the scope of their employment, set wrongfully in motion the thing or movement which directly caused the injury on account of which damages were claimed, and which movement may be truly said to have been responsible for the same. But that would not be a proper conclusion, where, as in the present case, George A. Fuller Company, acting through its watchman, is not alleged to have done anything that it did not have the right to do.

In Gann v. Great Southern Lumber Co., 131 La. 400, 59 So. 830, an exception of this kind was considered, but the shooting had been done by the servants of the defendant in the exercise of the functions in which they were employed, and there was no independent act of a wrongdoer, as in the present case.

Matthews v. Otis Mfg. Co., 142 La. 88, 76 So. 249, and Nash v. Longville Lumber Co., 146 La. 475, 83 So. 771, are also cases in which an exception of the kind was considered, but in both of them the situation was the same as existed in the Gann case.

The ruling of the lower court sustaining the exception of no cause urged by George A. Fuller Company is, in our opinion, correct.

Judgment affirmed; plaintiff and appellant to pay the cost in both courts.

LeBLANC, J. (concurring). The issue in this case involves the application of the doctrine of proximate cause and of the liability of an employer for the unforeseen or unexpected results from the fault or an act of negligence of his employee. It is my opinion that he can only be held liable for those results that are the natural and probable consequences of the act or fault. I am firmly of the opinion that the result of the act of the Fuller Company's employee in this case is too remote to make that defendant answerable for the damage which the plaintiff claims.

It is not reasonable to presume that from the employment by the Fuller Company of a man such as Toney is described to be in plaintiff's petition, and their retaining him in their employ, that one day there would be an innocent bystander injured from a pistol shot of another party engaged in a difficulty with him. We would have to indulge in too many presumptions, some of which would have to be classed as intervening causes, and which would necessarily break the chain of circumstances.

To make the defendant liable, we would have to hold that it was reasonable for it to anticipate that the man with whom their night watchman engaged in an altercation carried a loaded pistol about his person, that he would shoot it, and that a stray bullet would strike some one who was standing one hundred yards away.

The circumstances related are, in my opinion, entirely too remote to hold this defendant responsible for the acts complained of, and for that reason I am of the opinion that the exception was properly sustained.